UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| MICHAEL CHESBRO, | ) No._____ |
| | ) |
| Plaintiff, | ) **NOTICE OF REMOVAL** |
| | ) |
| vs. | ) |
| | ) |
| BEST BUY CO., INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF MICHAEL CHESBRO AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1446 and 1453, Defendant Best Buy Co., Inc. ("Best Buy") hereby removes this action from the Superior Court of Washington in and for King County to the United States District Court for the Western District of Washington, Seattle Division. Removal is proper in this case on the following grounds:[1]

---

[1] Defendant expressly reserves all Federal Rule of Civil Procedure 12(h) objections, including without limitation any objections it may have as to improper service, jurisdiction, venue, or any other defenses or objections to this action. Defendant further intends no admission of fact, law, or liability by this Notice, and it reserves all defenses, motions, and arguments. By way of setting forth the bases for removal from this Notice, Defendant in no way concedes the truth of the allegations in the Complaint. Nor does Defendant concede that the alleged claims are amenable to class treatment or that Plaintiff or any proposed class member is entitled to any recovery. On the contrary, Defendant does and will dispute the claims in their entirety.

NOTICE OF REMOVAL -- 1

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

M42022-1384010

1. Plaintiff Michael Chesbro ("Plaintiff") filed a class action lawsuit on April 5, 2010, individually and on behalf of those similarly situated, against Best Buy. The action, Case No. 10-2-12876-0 SEA, was commenced in the Superior Court of Washington in and for King County.

2. The Complaint and Summons was served upon Best Buy on April 6, 2010. This Notice of Removal is being filed within thirty (30) days of that date as required by 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Best Buy in this matter are attached to this Notice of Removal as Exhibit A.

4. The Superior Court of Washington in and for King County is located within the Western District of Washington, wherein this Notice of Removal is being filed.

5. Plaintiff brings claims for violations of Federal and Washington state law, as well as for declaratory and injunctive relief. (Compl. ¶¶ 3.1-3.10.)

6. This case is properly removed to the United States District Court for the Western District of Washington, Seattle Division, pursuant to 28 U.S.C. § 1453(b) as diversity jurisdiction is established under 28 U.S.C. § 1332(d) for the reasons set forth below.

**Class Size**

7. Plaintiff purports to bring a class action lawsuit on behalf of himself and three classes, including "[a]ll Washington persons who received a pre-recorded telephone message on their telephone from Defendant sent by automatic dialing machine for purposes of commercial solicitation at any time for the period that begins 4 years from the date of this complaint to trial." (Compl. ¶ 4.2.) Given this expansive definition—which is broad enough to include those individuals who voluntarily signed up for Best Buy's Reward Zone Program—the number of persons who are potential members of the proposed plaintiff class is well over 100. Indeed, Plaintiff alleges that the class "likely ha[s] more than 100 members." (*Id.* ¶ 4.3.) Based upon these facts, the proposed plaintiff class will exceed 100 members in the aggregate.

NOTICE OF REMOVAL -- 2

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

M42022-1384010

### Amount in Controversy[2]

8.  Plaintiff alleges five causes of action under state and federal law asserting that the class is entitled to statutory damages and attorneys' fees, as well as punitive damages for each of these claims. (*Id.* at ¶¶ 3.1-3.10, § V. *Prayer for Relief* B-E.) Under two of the theories of liability proffered by Plaintiff, the Telephone Consumer Protection Act and the Washington Consumer Protection Act, Plaintiff claims entitlement to *treble* damages in addition to compensatory damages and other fees. (*See id.* at ¶¶ 3.2-3.3, 3.7-3.8, § V. *Prayer for Relief* B-E.)

9.  In a class action, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum of $5,000,000." 28 U.S.C. § 1332(d); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) (stating that subject to certain limitations, the Class Action Fairness Act ("CAFA") confers federal diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5 million, thereby abrogating the rule against aggregating claims).

10. If the plaintiff does not plead an amount of damages and an amount is not otherwise "facially apparent" from the Complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *See Krosk v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Singer v. State Farm Mut. Ins. Co.*, 116 F. 3d 373, 377 (9th Cir. 1997)).

11. Plaintiff alleges that Defendant placed calls to his telephone number on at least two occasions that consisted of "a pre-recorded message delivered by an automatic dialing and announcing device ("ADAD")." (Compl. ¶¶ 2.1-2.2.) Plaintiff seeks to represent "all Washington persons who received a pre-recorded telephone message on their telephone from Defendant sent by automatic dialing machine for purposes of commercial solicitation at any time

---

[2] The information set forth in this Notice relates only to the amounts that Plaintiff's allegations have placed in controversy under CAFA, and nothing in this Notice or the attached materials may be construed as any form of concession or representation by Defendant as to the validity or accuracy of Plaintiff's allegations.

NOTICE OF REMOVAL -- 3

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

M42022-1384010

for the period that begins 4 years from the date of [the] complaint to trial." (*Id.* ¶ 4.2.) For purposes of this Notice, Defendant represents that over 250,000 calls were made to members of the Reward Zone Program in Washington state in 2009. (*See* Decl. of Michael Oberle ¶ 3.) And there are over 700,000 current and former members of the Reward Zone Program in the State of Washington alone. (*Id.* ¶ 2.)

12.   According to Plaintiff's allegations, Defendant's use of a prerecorded message for "commercial solicitation" to residential telephones violated RCW § 80.36.400. (Compl. ¶ 3.5.) Plaintiff seeks statutory damages of $500 per call Defendant allegedly made and further seeks to treble such damages pursuant to RCW § 19.86. (Compl. ¶¶ 3.7-3.8, § V. *Prayer for Relief* C.) This amount of claimed treble damages and attorneys' fees and costs, aggregated on a class-wide basis, may be factored into the amount-in-controversy calculation. *See Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998); *see also Peck v. Cingular Wireless, LLC*, No. C09-106Z, 2009 WL 775385, at *2 (W.D. Wash. Mar. 20, 2009) (recognizing satisfaction of CAFA threshold after calculation of treble damages under Washington Consumer Protection Act).

13.   The aggregated statutory damages, treble damages, and attorneys' fees, as per 28 U.S.C. § 1332(d)(6), as pleaded by Plaintiff, surpass the $5 million amount in controversy requirement under CAFA. Accordingly, removal is proper.

## Minimal Diversity

14.   As alleged in the Complaint, Plaintiff is a resident and citizen of the State of Washington. (Compl. ¶ 1.2.) Best Buy is a citizen of Minnesota as it is incorporated in Minnesota and its principal place of business is in Minnesota. (*Id.* at ¶ 1.1.)[3] This minimal

---

[3] The proper party in this matter is Best Buy Stores, L.P., the entity that leases and operates all Best Buy stores throughout the United States. Best Buy Stores, L.P., however, is a Virginia limited partnership with is principal place of business in Richfield, Minnesota. Under 28 U.S.C. § 1332(d)(10), for purposes of the CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." Therefore, the assertion of Best Buy Stores, L.P., as the proper party does not affect the diversity analysis here. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

NOTICE OF REMOVAL -- 4

GRAHAM & DUNN PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

M42022-1384010

diversity is sufficient for removal to federal court under the CAFA, which grants federal district courts original jurisdiction over a civil class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d); *see also Rodgers v. Cent. Locating Serv., Ltd.*, 412 F. Supp. 2d 1171, 1176 (W.D. Wash. 2006) (noting that CAFA changed traditional jurisdictional analysis by, among other things, incorporating "the previously disfavored concept[] of minimal diversity").

15. By filing this Notice of Removal, Best Buy does not waive any defenses which may be available to it, specifically including, but not limited to, insufficient service of process and the absence of venue in this Court or in the court from which this action has been removed.

16. Best Buy represents that promptly after this filing, Notice of Removal shall be served on Plaintiff's counsel and a copy will be filed with the Clerk of the Superior Court of Washington in and for King County.

DATED this 6th day of May, 2010.

GRAHAM & DUNN PC

By s/David C. Lundsgaard
  K. Michael Fandel, WSBA# 16281
  Email: mfandel@grahamdunn.com
  David C. Lundsgaard, WSBA# 25448
  Email: dlundsgaard@grahamdunn.com

Attorneys for Defendants Best Buy Co., Inc.

NOTICE OF REMOVAL -- 5

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

M42022-1384010

## DECLARATION OF SERVICE

Elizabeth G. Pitman affirms and states:

That on this day, I caused to be served a true and correct copy of the Notice of Removal by the method indicated below, and addressed to each of the following:

| Kim Williams<br>Rob Williamson<br>Williamson & Williams<br>187 Parfitt Way SW, Suite 250<br>Bainbridge Island, WA 98110<br>Phone: 206.780.4447<br>Fax: 206.780.5557 | ___ U.S. Mail, Postage Prepaid<br>_X_ Hand Delivered<br>___ Overnight Mail<br>___ Facsimile Transmission |
|---|---|

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 6th day of May, 2010, in Seattle, Washington.

*Elizabeth G. Pitman*
Elizabeth G. Pitman

NOTICE OF REMOVAL -- 6

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

M42022-1384010