UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL CHESBRO,<br><br>Plaintiff,<br><br>vs.<br><br>BEST BUY STORES, L.P.,<br><br>Defendant. | **CLASS ACTION**<br><br>**Case No. 2:10-cv-00774-RAJ**<br><br>**AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF** |

Plaintiff Michael Chesbro, individually and as class representative for a National Class and Subclass of similarly situated individuals and a Washington State Class of similarly situated individuals, alleges as follows:

## I. PARTIES, JURISDICTION, VENUE

1.1. Defendant Best Buy Stores, L.P. (Best Buy) is a Minnesota limited partnership with its principal offices in Richfield, Minnesota.

1.2. Plaintiff Michael Chesbro is a resident of Rainier, Washington and the owner of the telephone on which he receives calls, including those which are the subject of this complaint.

1.3. The calls in question were received on Plaintiff Chesbro's home telephone in Thurston County, Washington.

WILLIAMSON
& WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

1.4. Venue and Jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and Washington Constitution Article 4, §6.

## II. FACTS

2.1. On several occasions in 2008, Defendant Best Buy placed calls to Plaintiff Chesbro's telephone number. In addition, Defendant Best Buy placed a call or calls to Plaintiff Chesbro's telephone number in 2009.

2.2. The calls consisted of a pre-recorded message delivered by an automatic dialing and announcing device ("ADAD"). The pre-recorded message identified itself as being from Defendant Best Buy, and, in part, imparted information concerning the Best Buy Reward Zone Program which provides members with points for purchases made at Best Buy. Under the Reward Zone Program, points are earned when purchases are made, and, when sufficient points are accrued, Best Buy issues Reward Certificates which members can apply toward certain purchases from Defendant. For example, the Best Buy website https://myrewardzone.bestbuy.com/programOverview.jspx states that a customer spending $250 at Best Buy accrues 250 Points and receives a Reward Certificate for $5.00; spending $500 accrues 500 Points worth a $10 Reward Certificate, and spending $1000 accrues 1000 points worth a $20 Reward Certificate.

On information and belief, Best Buy made Mr. Chesbro a Reward Zone Program member when he purchased a computer from Best Buy in July 2008. Under the program, a customer must make additional purchases in order to utilize his or her Reward Certificates. On information and belief, the purpose of Best Buy's Reward Zone Program is marketing. Likewise, Best Buy's ADAD calls, including any references made to the Reward Zone Program and Mr. Chesbro's status in the Program, were made for the purpose of commercial

solicitation, soliciting Plaintiff to purchase merchandise from Defendant. Plaintiff, in receiving the ADAD calls from Best Buy, understood that the calls were for the purpose of commercial solicitation.

2.3. Defendant Best Buy is responsible for making the above-described ADAD calls. Plaintiff did not provide prior consent, express or implied, to the receipt of ADAD solicitation calls from Defendant. Plaintiff's residential telephone number has been on the national do-not-call list since June 6, 2005, and was on the national do-not-call list when Best Buy made the above-referenced calls.

2.4. In approximately November 2008, after receiving ADAD calls from Best Buy and requesting that Best Buy take him off of their calling lists but Best Buy continued to call, Plaintiff Chesbro filed a Complaint with the Consumer Protection Division of the Washington Attorney General's Office. As a result of the processing of that Complaint, Best Buy advised the Attorney General's Office on December 3, 2008 in part as follows:

> Best Buy has identified the automated call received by Mr. Chesbro. This call was to advise Mr. Chesbro, a Reward Zone member, that he currently has points available on his reward Zone account and that they were about to expire not a solicitation [sic]. At this time, Best Buy has placed Mr. Chesbro's number on [its] 'do not call' list.

Nevertheless, less than six months later, Best Buy resumed making one or more ADAD calls to Mr. Chesbro and, when Mr. Chesbro again complained to the Washington Attorney General's Office, Best Buy responded, in part, as follows:

> Mr. Chesbro did receive a call from Best Buy on June 27th. This call was not a marketing call but an operational call to announce upcoming changes to our Reward Zone program of which Mr. Chesbro is still a member...

2.5. Upon information and belief, Defendant placed a large number of

WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

substantially similar telephone calls to the telephones of persons in Washington State, including persons in King County, and to persons in other states.

2.6. Upon information and belief, Defendant intends to continue to send messages to the telephones of persons in Washington State and other states.

## III. CAUSES OF ACTION

3.1. Plaintiff realleges the foregoing paragraphs as if fully stated herein. The following causes of action are, to the extent necessary, stated in the alternative.

### Count A. Violation of 47 U.S.C. 227(b)(1)(B)(National Class)

3.2. In placing ADAD calls to Plaintiff's residential telephone line without prior express consent, Defendant has violated 47 U.S.C. 227(b)(1)(B).

3.3. As a result of said conduct, Plaintiff and members of the National Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory damages and other damages as set forth below.

### Count B. Violation of 46 CFR 64.1200, including (c )(2) and (d)(3)(National Subclass)

3.4. In placing ADAD calls to Plaintiff's residential telephone line after Plaintiff requested to be placed on Defendant's internal do-not-call list, Defendant has violated 46 CFR 64.1200, including (c )(2) and (d)(3), giving rise to a Private Right of Action under 47 U.S.C. 227(c )(5). Plaintiff and all members of the National Subclass are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory and other damages as set forth below.

///

WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com



**Count C. Violation of RCW 80.36.400 (Washington State Class)**

3.5. In placing ADAD commercial solicitation calls to Plaintiff's residential telephone, Defendant has violated RCW 80.36.400.

3.6. As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory and other damages as set forth below.

**Count D. Violation of RCW 19.86 (Washington State Class)**

3.7. Under RCW 80.36.400(3), Defendant's violation of RCW 80.36.400 constitutes a violation of RCW 19.86, *et seq.,* the Washington Consumer Protection Act ("CPA").

3.8. As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Under the CPA, Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory and other damages, and fees and costs as set forth below.

**Count E. Declaratory Relief Under The Washington Declaratory Judgment Act (RCW 7.24.010) (Washington State Class)**

3.9. Defendant used an automated dialing and announcement device to send a pre-recorded message to the telephones of persons in Washington.

3.10. Plaintiff and the Washington State Class are entitled to have their rights, status and legal relations relating to Defendant's use of an automatic dialing and announcing device established by this Court.

## IV. CLASS ACTION ALLEGATIONS

4.1. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

4.2. This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3). Plaintiff seeks to represent a National Class and Subclass and a Washington State Class comprised of:

> National Class: All persons who received a pre-recorded telephone message on their telephone from Defendant sent by automatic dialing machine without prior express consent, at any time for the period that begins 4 years from the date of this complaint to trial;
>
> National Subclass: All persons who received pre-recorded telephone messages on their telephone from Defendant sent by automatic dialing machine after requesting to be placed on Defendant's internal do-not-call list at any time for the period that begins 4 years from the date of this complaint to trial; and
>
> Washington State Class: All Washington persons who received a pre-recorded telephone message on their telephone from Defendant sent by automatic dialing machine for purposes of commercial solicitation at any time for the period that begins 4 years from the date of this complaint to trial.

4.3. **Numerosity.** The Classes are each so numerous that joinder of all members is impracticable. Upon information and belief the Classes each likely have more than 100 members.

4.4. **Common Questions of Law and Fact.** The questions of law and fact are the same for all class members, including whether the Defendant's conduct violated 47 U.S.C. 227(b)(1)(B), 46 CFR 64.1200, including (c )(2) and (d)(3), and RCW 80.36.400.

4.5. **The Plaintiff's Claims are Typical of the Class.** Plaintiff's claims are typical of the Classes in that they arise from Defendant's repeated violation of 47 U.S.C. 227(b)(1)(B), 46 CFR 64.1200, including (c )(2) and (d)(3), and RCW 80.36.400, and the CPA as to Plaintiff and all other class members.

4.6. **The Plaintiff Will Fairly and Adequately Protect Class.** Plaintiff will adequately represent and protect the interests of the Classes because he has retained competent

WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com



**Count C. Violation of RCW 80.36.400 (Washington State Class)**

3.5. In placing ADAD commercial solicitation calls to Plaintiff's residential telephone, Defendant has violated RCW 80.36.400.

3.6. As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory and other damages as set forth below.

**Count D. Violation of RCW 19.86 (Washington State Class)**

3.7. Under RCW 80.36.400(3), Defendant's violation of RCW 80.36.400 constitutes a violation of RCW 19.86, *et seq.*, the Washington Consumer Protection Act ("CPA").

3.8. As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Under the CPA, Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory and other damages, and fees and costs as set forth below.

**Count E. Declaratory Relief Under The Washington Declaratory Judgment Act (RCW 7.24.010) (Washington State Class)**

3.9. Defendant used an automated dialing and announcement device to send a pre-recorded message to the telephones of persons in Washington.

3.10. Plaintiff and the Washington State Class are entitled to have their rights, status and legal relations relating to Defendant's use of an automatic dialing and announcing device established by this Court.

**IV. CLASS ACTION ALLEGATIONS**

4.1. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

4.2. This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3). Plaintiff seeks to represent a National Class and Subclass and a Washington State Class comprised of:

> National Class: All persons who received a pre-recorded telephone message on their telephone from Defendant sent by automatic dialing machine without prior express consent, at any time for the period that begins 4 years from the date of this complaint to trial;
>
> National Subclass: All persons who received pre-recorded telephone messages on their telephone from Defendant sent by automatic dialing machine after requesting to be placed on Defendant's internal do-not-call list at any time for the period that begins 4 years from the date of this complaint to trial; and
>
> Washington State Class: All Washington persons who received a pre-recorded telephone message on their telephone from Defendant sent by automatic dialing machine for purposes of commercial solicitation at any time for the period that begins 4 years from the date of this complaint to trial.

4.3. **Numerosity.** The Classes are each so numerous that joinder of all members is impracticable. Upon information and belief the Classes each likely have more than 100 members.

4.4. **Common Questions of Law and Fact.** The questions of law and fact are the same for all class members, including whether the Defendant's conduct violated 47 U.S.C. 227(b)(1)(B), 46 CFR 64.1200, including (c )(2) and (d)(3), and RCW 80.36.400.

4.5. **The Plaintiff's Claims are Typical of the Class.** Plaintiff's claims are typical of the Classes in that they arise from Defendant's repeated violation of 47 U.S.C. 227(b)(1)(B), 46 CFR 64.1200, including (c )(2) and (d)(3), and RCW 80.36.400, and the CPA as to Plaintiff and all other class members.

4.6. **The Plaintiff Will Fairly and Adequately Protect Class.** Plaintiff will adequately represent and protect the interests of the Classes because he has retained competent

WILLIAMSON
& WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

and experienced counsel and his interests in the litigation are not antagonistic to the other members of the Classes.

4.7. **A Class Action is Maintainable Under CR 23(b)(3).** The questions of law and fact common to all members of the Classes predominate over questions affecting only individual members of the Classes, because all members of the Classes were subjected to Defendant's unlawful use of one or more ADADs. The prosecution of separate actions by individual members of the Classes against Defendant would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the Classes' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

4.8. **A Class Action is Maintainable Under CR 23(b)(2).** Defendant has acted on grounds generally applicable to Plaintiff and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole. .

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and the Classes and Subclass of similarly situated individuals, respectfully requests that the Court enter judgment in his favor and in favor of the Classes and Subclass for:

A. Certification of the Classes and Subclass pursuant to CR 23(b)(2) and CR 23(b)(3);

B. Granting declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will not continue to use automatic dialing and announcement devices to send messages to telephone subscribers;

C. Judgment against Defendant for statutory damages of $500.00 for each violation of federal and/or state law involved in Defendant's transmission of unlawful ADAD calls to Plaintiff and each member of the Classes and Subclass, and for treble damages for each willful or knowing violation;

D. Judgment for attorney fees and costs of suit as permitted by applicable law.

E. Any other or further relief which the Court deems fair and equitable.

DATED this 12th day of May, 2010.

WILLIAMSON & WILLIAMS

By [signature]

Kim Williams, WSBA # 9077
Rob Williamson, WSBA #11387
*Attorneys for Plaintiff and the Proposed Classes and Subclass*

WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com