HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MICHAEL CHESBRO, an individual,

    Plaintiff,

v.

BEST BUY STORES, L.P.,

    Defendant.

NO. C10-00774 RAJ

**SECOND AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Michael Chesbro, individually and as class representative for a National Class and Subclass of similarly situated individuals and a Washington State Class of similarly situated individuals, alleges as follows:

**I. PARTIES, JURISDICTION, VENUE**

1.1.    Defendant Best Buy Stores, L.P. ("Best Buy") is a Minnesota limited partnership with its principal offices in Richfield, Minnesota.

1.2.    Plaintiff Michael Chesbro is a resident of Rainier, Washington, and the owner of the telephone on which he receives calls, including those which are the subject of this complaint.

1.3.    The calls in question were received on Plaintiff Chesbro's home telephone in Thurston County, Washington.

SECOND AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 1
CASE NO. C10-0774 RAJ

**TERRELL MARSHALL DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1.4. Venue and Jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and Washington Constitution Article 4, § 6.

## II. FACTS

2.1. On July 26, 2008, Plaintiff Chesbro purchased a new computer from Best Buy in Olympia, Washington. Best Buy offered him a two year, no interest, payment plan through HSBC Retail Services to finance the cost of the computer. At the time of purchase, Mr. Chesbro completed the paperwork for the payment plan, including providing his personal contact information so that he could have the benefit of the extended payment plan. Over the ensuing months, Plaintiff made three installment payments under the plan, one on September 2, 2008, one on September 29, 2008, and the final one on November 2, 2008 at which time the balance was fully paid. This is the only occasion upon which Plaintiff Chesbro used the Best Buy payment plan.

2.2. The calls consisted of a pre-recorded message delivered by an automatic dialing and announcing device ("ADAD"). The pre-recorded message identified itself as being from Defendant Best Buy, and encouraged Plaintiff to be a Best Buy customer and to purchase products from Best Buy. At least some of the calls imparted information to Mr. Chesbro concerning the Best Buy Reward Zone Program which provides members with points for purchases made at Best Buy. Under the Reward Zone Program, points are earned when purchases are made, and, when sufficient points are accrued, Best Buy issues Reward Certificates which members can apply toward certain purchases from Defendant. For example, the Best Buy website https://myrewardzone.bestbuy.com/programOverview.jspx states that a customer spending $250 at Best Buy accrues 250 Points and receives a Reward Certificate for

SECOND AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 2
CASE NO. C10-0774 RAJ

**TERRELL MARSHALL DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

$5.00; spending $500 accrues 500 Points worth a $10 Reward Certificate, and spending $1000 accrues 1000 points worth a $20 Reward Certificate.

2.3. On information and belief, unbeknownst to Mr. Chesbro, Best Buy enrolled him in the Reward Zone Program when he purchased the computer from Best Buy Olympia in July 2008. Mr. Chesbro never knowingly or intentionally joined or participated in the Reward Zone Program, nor did he wish to join or participate in any such program.

2.4. The purpose of Best Buy's Reward Zone Program is marketing. Under the program, because the Reward Certificates are for small dollar amounts, a customer must typically make additional purchases in order to utilize his or her Reward Certificates, thereby generating revenue for Best Buy.

2.5. Likewise, Best Buy's ADAD calls, including any references made to the Reward Zone Program and Mr. Chesbro's status in the Program, were made for the purpose of commercial solicitation, soliciting Plaintiff to purchase merchandise from Defendant and/or to participate in a program, the purpose of which is revenue generation. Plaintiff, in receiving the ADAD calls from Best Buy, understood that the calls were for the purpose of commercial solicitation. Best Buy is a for-profit company, and Plaintiff Chesbro knew that the company had no reason to be making automated calls to him that were not marketing or solicitation related.

2.6. Defendant Best Buy is responsible for making the above-described ADAD calls. Plaintiff did not provide prior consent, express or implied, to the receipt of ADAD solicitation calls from Defendant. Plaintiff's residential telephone number has been on the national do-not-call list since June 6, 2005, and was on the national do-not-call list when Best Buy made the above-referenced calls.

SECOND AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 3
CASE NO. C10-0774 RAJ

**TERRELL MARSHALL DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

2.7. At the end of each pre-recorded call, the recording gave Plaintiff Chesbro the option of pressing a number, such as the number "1," to stop the calls. When the calls began, Mr. Chesbro pressed that number, but, despite his effort to "opt out" in this manner, Best Buy continued to make ADAD solicitation calls to his residential telephone.

2.8. On November 11, 2008, at approximately 10:18 a.m., after receiving several ADAD calls from Defendant Best Buy and unsuccessfully requesting that Defendant take him off of its calling lists by "opting out," Plaintiff Chesbro called Best Buy at 1-888-237-8289 (the number from which the calls originated). Plaintiff asked the Best Buy representatives answering his call to stop calling him and to cancel any membership in any program they thought he had joined. Customer Service representative "Ken" and Customer Service supervisor "Beth" denied any knowledge of the Reward Zone calls and were unable to address Mr. Chesbro's concerns. Plaintiff Chesbro filed a Complaint with the Washington Attorney General Office, and Best Buy said they would put him on their "do not call" list.

2.9. On November 12, 2008, Plaintiff Chesbro filed a Complaint with the Consumer Protection Division of the Washington Attorney General's Office. As a result of the processing of that Complaint, Best Buy advised the Attorney General's Office on December 3, 2008 in part as follows:

> Best Buy has identified the automated call received by Mr. Chesbro. This call was to advise Mr. Chesbro, a Reward Zone member, that he currently has points available on his reward Zone account and that they were about to expire not a solicitation [sic]. At this time, Best Buy has placed Mr. Chesbro's number on [its] 'do not call' list.

Nevertheless, less than six months later, Best Buy resumed making one or more ADAD calls to Mr. Chesbro and, when Mr. Chesbro again complained to the Washington Attorney General's Office, Best Buy responded, in part, as follows:

SECOND AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 4
CASE NO. C10-0774 RAJ

**TERRELL MARSHALL DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

> Mr. Chesbro did receive a call from Best Buy on June 27th. This call was not a marketing call but an operational call to announce upcoming changes to our Reward Zone program of which Mr. Chesbro is still a member…

2.10. Upon information and belief, Defendant placed a large number of substantially similar telephone calls to the telephones of persons in Washington State, including persons in King County, and to persons in other states.

2.11. Upon information and belief, Defendant intends to continue to send ADAD solicitation messages to the telephones of persons in Washington State and other states.

### III. CAUSES OF ACTION

3.1. Plaintiff realleges the foregoing paragraphs as if fully stated herein. The following causes of action are, to the extent necessary, stated in the alternative.

**Count A. Violation of 47 U.S.C. § 227(b)(1)(B) (National Class)**

3.2. In placing ADAD calls to Plaintiff's residential telephone line using an artificial or pre-recorded voice to deliver a message without the prior express consent of the called party, for a commercial purpose, Defendant Best Buy has violated 47 U.S.C. § 227(b)(1)(B).

3.3. As a result of said conduct, Plaintiff and members of the National Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory damages, including treble damages, for each of Defendant's violations of the law.

**Count B. Violation of 47 CFR § 64.1200 *et seq.* (National Subclass)**

3.4. Defendant Best Buy has violated 47 CFR § 64.1200 *et seq.*, by placing ADAD solicitation calls to Plaintiff Chesbro which left pre-recorded messages and by placing ADAD solicitation calls to Mr. Chesbro when his residential telephone number was on the National Do-Not-Call registry, when that number was or should have been on the Best Buy internal

SECOND AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 5
CASE NO. C10-0774 RAJ

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

Do-Not-Call registry, and, on information and belief, when one of more of such calls violated Best Buy's own Do-Not-Contact Policy. Violations include, but are not limited, to violating 47 CFR § 64.1200(d)(3) entitled *Recording, disclosure of do-not-call requests-* by failing to record such requests, place the subscriber's name and telephone number on the do not call list at the time the request is made and, within a reasonable time from the date such request is made, honor the request.

3.5. Any violation by Best Buy or its agents of the Do-Not-Call provisions of 47 CFR § 64.1200 entitles Plaintiff Chesbro and members of the related National Subclass to damages pursuant to 47 U.S.C § 227(c)(5). Under 47 U.S.C. § 227(c)(5), Plaintiff and all members of said Subclass are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory damages, including treble damages, for each of Defendant's violations of the law.

**Count C.  Violation of RCW 80.36.400 (Washington State Class)**

3.6. Defendant Best Buy has violated RCW 80.36.400 by making ADAD telephone calls which automatically dial numbers and play a recorded message, for purposes of commercial solicitation, to the telephones of Plaintiff and the Washington State Class.

3.7. As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory and other damages as set forth below.

**Count D.  Violation of RCW 19.86 (Washington State Class)**

3.8. Under RCW 80.36.400(3), Defendant's violation of RCW 80.36.400 constitutes a violation of RCW 19.86, *et seq.,* the Washington Consumer Protection Act ("CPA").

SECOND AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 6
CASE NO. C10-0774 RAJ

**TERRELL MARSHALL DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

3.9. As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Under the CPA, Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory and other damages, and fees and costs as set forth below.

**Count E. Violation of RCW 80.36.390 (Washington State Subclass)**

3.10. Defendant Best Buy, directly or through its agents, has violated RCW 80.36.390(3) by making telephone calls to Plaintiff and members of the Washington State Subclass within a year of the date Plaintiff and members of said Subclass asked not to be called by Defendant again.

3.11. As a result of said conduct, Plaintiff and members of the Washington State Subclass have sustained damages. Plaintiff and all members of said Subclass are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory damages and attorney fees and costs, for each of Defendant's violations of the law.

**Count F. Declaratory Relief Under The Declaratory Judgment Act (28 U.S.C. § 2201 *et seq*.)**

3.12. Defendant used an automated dialing and announcement device to send a pre-recorded message to the telephones of persons in Washington, and made telephone calls to persons on the National Do-Not-Call registry, to persons on its own Do-Not-Call registry, and to persons in Washington State within a year of the date said persons asked not to be called by Defendant again, including by pressing "1" or some other number during a pre-recorded call in an attempt to "opt out" of future calls.

3.13. An actual controversy has arisen and now exists between Plaintiff and the other members of the classes, on the one hand, and Defendant, on the other hand, concerning their respective rights and duties.

SECOND AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 7
CASE NO. C10-0774 RAJ

**TERRELL MARSHALL DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

3.14. Plaintiff and the Classes are entitled to have their rights, status and legal relations relating to Defendant's use of an automatic dialing and announcing device, and Defendant's alleged Do-Not-Call violations, established by this Court.

## IV. CLASS ACTION ALLEGATIONS

4.1. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

4.2. This class action is brought and may be maintained pursuant to FRCP 23(b)(2) and (b)(3). Plaintiff seeks to represent a National Class and Subclass and a Washington State Class and Subclass comprised of:

> National Class: All persons who received a pre-recorded telephone message on their telephone from Defendant sent by automatic dialing machine without prior express consent, at any time for the period that begins 4 years from the date of this complaint to trial;
>
> National Subclass: All persons who received pre-recorded telephone messages on their telephone from Defendant sent by automatic dialing machine after requesting to be placed on Defendant's internal do-not-call list at any time for the period that begins 4 years from the date of this complaint to trial; and
>
> Washington State Class: All Washington persons who received a pre-recorded telephone message on their telephone from Defendant sent by automatic dialing machine for purposes of commercial solicitation at any time for the period that begins 4 years from the date of this complaint to trial.
>
> Washington State Subclass: All Washington persons who received two or more calls from Defendant within a year of the date they asked not to be called by Defendant again, including those who pressed "1" or some other number during a pre-recorded call in an attempt to "opt out" of future calls.

4.3. **Numerosity.** The Classes are each so numerous that joinder of all members is impracticable. Upon information and belief the Classes each likely have more than 100 members.

4.4. **Common Questions of Law and Fact**. The questions of law and fact are the same for all class members, including whether the Defendant's conduct violated

SECOND AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 8
CASE NO. C10-0774 RAJ

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

47 U.S.C. § 227(b)(1)(B), 46 CFR § 64.1200, including (c)(2) and (d)(3), RCW 80.36.400 and RCW 80.36.390.

4.5. **The Plaintiff's Claims are Typical of the Class.** Plaintiff's claims are typical of the Classes in that they arise from Defendant's repeated violation of 47 U.S.C. § 227(b)(1)(B), 46 CFR § 64.1200, including (c)(2) and (d)(3), RCW 80.36.400 and the CPA, and/or RCW 80.36.390 as to Plaintiff and all other class members.

4.6. **The Plaintiff Will Fairly and Adequately Protect Class**. Plaintiff will adequately represent and protect the interests of the Classes because he has retained competent and experienced counsel and his interests in the litigation are not antagonistic to the other members of the Classes.

4.7. **A Class Action is Maintainable Under FRCP 23(b)(3)**. The questions of law and fact common to all members of the Classes predominate over questions affecting only individual members of the Classes, because all members of the Classes were subjected to Defendant's unlawful use of one or more ADADs. The prosecution of separate actions by individual members of the Classes against Defendant would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the Classes' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

4.8. **A Class Action is Maintainable Under FRCP 23(b)(2).** Defendant has acted on grounds generally applicable to Plaintiff and the Classes as alleged herein, thereby making

SECOND AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 9
CASE NO. C10-0774 RAJ

**TERRELL MARSHALL DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and the Classes and Subclasses of similarly situated individuals, respectfully requests that the Court enter judgment in his favor and in favor of the Classes and Subclasses for:

A. Certification of the Classes and Subclass pursuant to FRCP 23(b)(2) and FRCP 23(b)(3);

B. Granting declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will not continue to use automatic dialing and announcement devices to send messages to telephone subscribers, or continue to commit Do-Not-Call violations;

C. Judgment against Defendant for statutory damages of $500 for each legal violation committed by Defendant (with the exception of violations of RCW 80.36.390 for which, in accordance with RCW 80.36.390(6) "…the Court shall award damages of at least one hundred dollars for each individual violation…) when it placed the calls in question to Plaintiff Chesbro and members of the Classes, including, where applicable, more than one legal violation per call, plus treble damages for each intentional or willful legal violation, and other damages, attorney's fees and costs as are permitted under federal and state law;

D. Judgment for attorney fees and costs of suit as permitted by applicable law; and

E. Any other or further relief which the Court deems fair and equitable.

SECOND AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF - 10
CASE NO. C10-0774 RAJ

**TERRELL MARSHALL DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

DATED this 5th day of January, 2011.

        TERRELL MARSHALL & DAUDT PLLC

        By:   /s/ Kimberlee L. Gunning, WSBA #35366
           Beth E. Terrell, WSBA #26759
           Email: bterrell@tmdlegal.com
           Kimberlee L. Gunning, WSBA #35366
           Email: kgunning@tmdlegal.com
           3600 Fremont Avenue North
           Seattle, Washington 98103
           Telephone: 206.816.6603
           Facsimile: 206.350.3528

           Rob Williamson, WSBA #11387
           Email: roblin@williamslaw.com
           Kim Williams, WSBA #9077
           Email: kim@williamslaw.com
           WILLIAMSON & WILLIAMS
           187 Parfitt Way SW, Suite 250
           Bainbridge Island, Washington 98110
           Telephone: 206.780.4447
           Facsimile: 206.780.5557

       *Attorneys for Plaintiff and the Classes and Subclasses*

SECOND AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 11
CASE NO. C10-0774 RAJ

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

# CERTIFICATE OF SERVICE

I, Kimberlee L. Gunning, hereby certify that on January 5, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> K. Michael Fandel, WSBA# 16281
> Email: mfandel@grahamdunn.com
> David C. Lundsgaard, WSBA# 25448
> Email: dlundsgaard@grahamdunn.com
> Aimee K. Decker, WSBA #41797
> Email: adecker@grahamdunn.com
> GRAHAM & DUNN PC
> 2801 Alaskan Way, Suite 300
> Seattle, Washington 98121
> Telephone: (206) 624-8300
> Facsimile: (206) 340-9599
>
> Anne M. Lockner, *Admitted Pro Hac Vice*
> Email: amlockner@rkmc.com
> Michael D. Reif, *Admitted Pro Hac Vice*
> Email: mdreif@rkmc.com
> Denise Rahne, *Admitted Pro Hac Vice*
> Email: dsrahne@rkmc.com
> ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
> 2800 LaSalle Plaza, 800 LaSalle Avenue
> Minneapolis, Minnesota 55402
> Telephone: (612) 349-8500
> Facsimile: (612) 339-4181
>
> *Attorneys for Defendant*

DATED this 5th day of January, 2011.

> TERRELL MARSHALL & DAUDT PLLC
>
> By: /s/ Kimberlee L. Gunning, WSBA #35366
> Kimberlee L. Gunning, WSBA #35366
> Email: kgunning@tmdlegal.com
> 3600 Fremont Avenue North
> Seattle, Washington 98103
> Telephone: (206) 816-6603
> Facsimile: (206) 350-3528
>
> *Attorneys for Plaintiff and the Classes and Subclasses*

SECOND AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 12
CASE NO. C10-0774 RAJ

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528