HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

9 MICHAEL CHESBRO, an individual,

10                 Plaintiff,

11    v.

12 BEST BUY STORES, L.P.,

13                Defendant.

14

NO. 2:10-cv-00774-RAJ

**PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT**

**Noted for Consideration: 12/6/13**

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF THE FACTS .........................................................................1

    A. Relevant Factual Background..................................................................1

    B. Plaintiff Thoroughly Investigated the Claims of the Case ...................3

III. TERMS OF THE SETTLEMENT .......................................................................4

    A. Generally ...................................................................................................4

    B. Definition of the Classes .........................................................................4

        1. National Class...............................................................................4

        2. Washington Class .........................................................................4

    C. Settlement Benefits to Settlement Class Members...............................5

    D. Claim Form ...............................................................................................6

    E. Attorneys' Fees and Incentive Award ...................................................6

    F. Notice ........................................................................................................7

        1. Email Notice..................................................................................7

        2. Mail Notice ....................................................................................8

        3. Website Notice ...............................................................................8

    G. Opt-Out Rights .........................................................................................8

    H. Objections to the Settlement...................................................................9

    I. Deadlines Contemplated By Settlement Agreement ............................9

IV. ARGUMENT IN SUPPORT OF PRELIMINARY APPROVAL ..................10

    A. The Settlement Agreement Should Be Preliminarily Approved ........10

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - i
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1     1.  The Settlement Agreement Is the Result of Engaged,
         Arms-Length Negotiations Overseen by an Experienced
2         Mediator ........................................................................11

3     2.  The Settlement Agreement Is a Preferable Alternative to
         the Risks Each Party Would Face Through Continued
4         Litigation .......................................................................13

5     3.  The Settlement Provides Substantial Relief for
         Settlement Class Members and Treat All Settlement
6         Class Members Fairly......................................................14

7     4.  The Class Representative Incentive Award Is Reasonable ...................15
8

9     5.  The Contemplated Attorneys' Fees and Costs Are Fair and
         Reasonable.....................................................................16

10   B.  The Settlement Class Should Be Provisionally Certified for the
11     Limited Purpose of Settlement ................................................18

12   C.  The Proposed Notice Program Is Constitutionally Sound..................19

13   D.  Scheduling a Final Approval Hearing Is Appropriate ........................20

14 V.  CONCLUSION ........................................................................21

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - ii
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## TABLE OF AUTHORITIES

Page No.

### FEDERAL CASES

*Baron v. Direct Capital Corp.*,
    No. C09-00669 (W.D. Wash. Aug. 3, 2010) ....................................................15

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980) ......................................................................................17

*Chem. Bank v. City of Seattle* (*In re Wash. Pub. Power Supply Sys. Sec. Litig.*),
    19 F.3d 1291 (9th Cir. 1994) .........................................................................16

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) ..................................................................10, 11

*Connor v. Automated Accounts, Inc.*,
    202 F.R.D. 265 (E.D. Wash. 2001) ................................................................19

*Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974) ..........................................................................14

*Gardner v. Capital Options*,
    No. C07-1918 (W.D. Wash. May 29, 2009) ...................................................15

*Grays Harbor Adventist Christian Sch. v. Carrier Corp.*,
    No. 05-05437 RBL, 2008 WL 1901988 (W.D. Wash. Apr. 24, 2008) ...........16

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .......................................................................12

*Hansen v. Ticket Track, Inc.*,
    213 F.R.D. 412 (W.D. Wash. 2003) ...............................................................19

*Hovila v. Tween Brands, Inc.*,
    No. C09-00491, (W.D. Wash. Apr. 24, 2012)................................................15

*Hughes v. Microsoft Corp.*,
    No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001).........12

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) .........................................................................11

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*In re Mego Fin. Corp. Secs. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ................................................................. 16

*In re Mercury Interactive*,
    618 F.3d 988 (9th Cir. 2010) ................................................................. 17

*In re Phenylpropanolamine (PPA) Prods. Liability Litig.*,
    227 F.R.D. 553 (W.D. Wash. 2004) ....................................................... 12

*Jordan v. Cnty. of Los Angeles*,
    669 F.2d 1311 (9th Cir. 1982) ............................................................... 18

*Kakani v. Oracle Corp.*,
    2007 WL 2221073 (N.D. Cal. Aug. 2, 2007) ......................................... 14

*Kavu, Inc. v. Omnipak Corp.*,
    246 F.R.D. 642 (W.D. Wash. 2007) ....................................................... 13

*Kenro, Inc. v. Fax Daily, Inc.*,
    962 F. Supp. 1162 (S.D. Ind. 1997) ....................................................... 13

*Lo v. Oxnard European Motors, LLC*,
    No. 11CV1009 JLS, 2012 WL 1932283 (S.D. Cal. May 29, 2012) ......... 17, 18

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001) ............................................................... 19

*Malta v. Fed. Home Loan Mtg. Corp.*,
    No. 10-CV-1290 BEN, 2013 WL 444619 (S.D. Cal. Feb. 4, 2013) ......... 18

*Meyer v. Portfolio Recovery Assocs., LLC*,
    707 F.3d 1036 (9th Cir. 2012) ............................................................... 18

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) .............................................................................. 20

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ............................................................. 10, 11

*Orvis v. Spokane Cnty.*,
    281 F.R.D. 469 (E.D. Wash. 2012) ....................................................... 11

*Pelletz v. Weyerhaeuser Co.*,
    255 F.R.D. 537 (W.D. Wash. 2009) ....................................................... 12

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - iv
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*Phillips Petroleum Co. v. Shutts,*
    472 U.S. 797 (1985) ...............................................................................................19

*Rodriguez v. W. Publ'g Co.,*
    563 F.3d 948 (9th Cir. 2009) .................................................................................15

*Silber v. Mabon,*
    18 F.3d 1449 (9th Cir. 1994) .................................................................................19

*Six Mexican Workers v. Ariz. Citrus Growers,*
    904 F.2d 1301 (9th Cir. 1990) ...............................................................................16

*Torrisi v. Tucson Elec. Power Co.,*
    8 F.3d 1370 (9th Cir. 1993) ...................................................................................16

*Vizcaino v. Microsoft Corp.,*
    290 F.3d 1043 (9th Cir. 2002) ...............................................................................17

*Wright v. Linkus Enter., Inc.,*
    259 F.R.D. 468 (E.D. Cal. 2009) ......................................................................16, 17

## FEDERAL RULES

Fed. R. Civ. P. 23(a)(1) ...................................................................................................18

Fed. R. Civ. P. 23(a)(2) ...................................................................................................18

Fed. R. Civ. P. 23(a)(3) ...................................................................................................19

Fed. R. Civ. P. 23(a)(4) ...................................................................................................19

Fed. R. Civ. P. 23(b)(3) ...................................................................................................19

Fed. R. Civ. P. 23(c)(2) ...................................................................................................19

## OTHER AUTHORITIES

4 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 11.41 (4th ed. 2002)...10, 12

Manual for Complex Litigation (2004) § 13.14 .........................................................11

Manual for Complex Litigation (2004) § 21.62 .........................................................16

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - v
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

Manual for Complex Litigation (2004) § 21.632 ...................................................................11, 18

2

Manual for Complex Litigation (2004) § 21.633 ........................................................................18

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - vi
CASE No. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## I.   INTRODUCTION

Plaintiff Michael Chesbro ("Plaintiff") respectfully requests that the Court enter an Order granting preliminary approval of the Settlement Agreement that has been reached between Plaintiff and Defendant Best Buy Stores, L.P. ("Best Buy").[1]  For the reasons set forth in this memorandum and the supporting documents, the settlement is fair and reasonable and serves the best interests of the Settlement Class Members.  Accordingly, Plaintiff respectfully requests that the Court: (a) preliminarily approve the terms of the Settlement Agreement; (b) conditionally certify for settlement purposes the Washington Class and the National Class (the "Classes"); (c) stay this action and enjoin the prosecution by Settlement Class Members of any action for the Released Claims against the Released Parties; (d) appoint Plaintiff as the representative of the Classes; (e) appoint the law firms of Terrell Marshall Daudt & Willie PLLC and Williamson & Williams as Class Counsel; (f) approve the form, content, and method of delivering notice to the Classes as set out in the Settlement Agreement; and (g) schedule a final approval hearing in accordance with the deadlines proposed in the Settlement Agreement.

## II.   STATEMENT OF THE FACTS

### A.   Relevant Factual Background

Best Buy is a national retailer of consumer electronics and related products, ranging from computers and cell phones to video games and DVDs.  Best Buy also offers installation, repair and warranty services for its product.  Like many retail chains, Best Buy has a customer loyalty program, the Reward Zone Program, that allows members to earn points toward certificates, which are coupons for discounts on future purchases at Best Buy.

As part of the Reward Zone enrollment process, customers provide Best Buy with their name, address, and other contact information.  Plaintiff Chesbro alleges – and Best Buy disputes – that he and other consumers are signed up for Reward Zone when they financed their Best Buy purchases through an installment payment plan offered by Best Buy; in the process of

---

[1] The Settlement Agreement is attached as <u>Exhibit 1</u> to the Declaration of Beth E. Terrell in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Terrell Decl.")

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 1
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

signing up for the payment plan, consumers provide their personal contact information. Best Buy then uses this contact information to contact customers through direct mail, e-mail, or by telephone.

Beginning in the fall of 2007, Best Buy, through its calling vendor began calling Reward Zone members to remind them to use their Reward Zone certificates before they expired ("Certificate Reminder Program"). In the summer and fall of 2009, Best Buy decided to reduce marketing costs by "Going Digital." The goal of the "Go Digital" program was to shift to issuing Reward Zone certificates online, with consumers being notified by email when they had earned a certificate. Implementing the Go Digital program necessarily involved notifying consumers of the new procedures, which they did by placing calls to customers ("Go Digital Program"). The Certificate Reminder and Go Digital Programs lasted through November of 2011.

On April 5, 2010, Plaintiff Chesbro filed a Class Action Complaint in King County Superior Court, alleging that Best Buy violated the Washington Automatic Dialing and Announcing Statute, RCW 80.36.400 (the "WADAD"), the Washington Consumer Protection Act, RCW 19.86 *et seq.* (the "WCPA"), and the federal Do-Not-Call regulations, 47 C.F.R. § 64.1200 *et seq.* ("DNC Rules") by systematically calling customers with an artificial or pre-recorded voice and by placing calls to the residential telephones of telephone subscribers after such subscribers had asked that they not be called. Best Buy promptly removed the action to this Court. Dkt. No. 1. After Plaintiff twice amended his Complaint, Best Buy answered.

On November 18, 2010, Best Buy filed a motion for judgment on the pleadings asserting that Plaintiff had consented to receipt of the telephone calls and had participated in an established business relationship with Best Buy which made the calls permissible under the TCPA, including don-not-call claims. Dkt. No. 23. Further, Best Buy argued for dismissal of Plaintiff's WADAD claims because the calls in question were not commercial solicitations. Plaintiff filed a second amended complaint on January 5, 2011 (Dkt. No. 30) after which Best

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 2
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Buy renewed its motion for judgment on the pleadings on February 17, 2011.  Dkt. No. 33.  On June 20, 2011, the Court ordered that it would treat the motion for judgment on the pleadings as a summary judgment motion and allowed further briefing. Dkt. No. 49.  Subsequently the Court scheduled the motion for summary judgment for oral argument which was heard on August 2, 2011.  Thereafter the Court granted the motion for summary judgment and entered judgment. Dkt. Nos. 61 & 62.

Plaintiff appealed the Court's summary judgment ruling.  Dkt. No. 63.   On October 17, 2012, the Ninth Circuit reversed the Court's ruling.  Dkt. No. 68.  Defendant's petition for en banc review was denied although the Ninth Circuit issued an amended decision on December 27, 2012.  Dkt. No. 70.

After the appeal was concluded, Plaintiff resumed discovery, scheduling several depositions of Best Buy personnel.  The parties then agreed to submit the matter to the Hon. William Cahill (Ret.), an experienced mediator and former Superior Court Judge for San Francisco County.  Terrell Decl. ¶ 2.  With the assistance of Judge Cahill, the parties mediated the case for two days, May 15 and 16, 2013.  *Id.*  Although the parties did not reach agreement, they made progress.  They agreed to continue with informal discovery and investigation and to participate in a second mediation session with Judge Cahill which occurred on September 25, 2013.  *Id.*  This mediation resulted in a mediator's proposal that both parties accepted.  *Id.* After the mediation, the parties continued to negotiate the specific terms of the Settlement Agreement, which was executed on December 6, 2013.  *Id.*

**B.   Plaintiff Thoroughly Investigated the Claims of the Case**

Plaintiff's counsel have extensive experience investigating, litigating, certifying, and settling class action cases like this one.  *See generally* Williamson/Williams Decl. ¶¶ 2-3, 6-7; Terrell Decl. ¶¶ 6-11.  Moreover, Plaintiff's counsel have a thorough understanding of the legal claims that have arisen due to the unlawful delivery of pre-recorded text and telephone messages.  *See id.*  Indeed, Plaintiff's counsel have been actively pursuing and have pursued

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 3
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   several similar cases.  *See* Williamson/Williams Decl. ¶¶ 2-3; Terrell Decl. ¶ 8.

2        Before filing this action in April 2010, Plaintiff's counsel spent several months

3   investigating the factual bases of Mr. Chesbro's claims against Best Buy, researching related

4   legal issues, and preparing the complaint.  Terrell Decl. ¶ 3.  After the complaint was filed,

5   Plaintiff's counsel conducted substantial discovery, requesting and receiving thousands of

6   pages of documents from Defendant, including scripts and policies.  They also received several

7   different electronic databases.  *Id*.  In addition, Best Buy deposed Mr. Chesbro.  *Id*.

8        Plaintiff's investigation continued after the first mediation in May 2013.  Terrell Decl.

9   ¶ 4.  Plaintiff took a Fed. R. Civ. P. 30(b)(6) deposition and interviewed Best Buy's calling

10   vendor.  *Id*.  Best Buy also continued to produce data and information confirming the size and

11   nature of the Classes.  *Id*.

12                 **III.   TERMS OF THE SETTLEMENT**

13   **A.   Generally**

14        The settlement's details are contained in the Settlement Agreement signed by the

15   respective parties.  *See* Terrell Decl., Ex. 1.  For purposes of preliminary approval, the

16   following summarizes the Settlement Agreement's terms.

17   **B.   Definition of the Classes**

18        1.   <u>National Class</u>.  All United States residents except for those with Washington

19   State area codes who, between October 8, 2007 and November 30, 2011, received a telephone

20   call from or on behalf of Best Buy regarding Best Buy's Rewards Zone go digital policy, after

21   they had asked Best Buy not to be called; and

22        2.   <u>Washington Class</u>.  All persons who had Washington State area codes and who,

23   between October 8, 2007 and November 30, 2011, received a telephone call from or on behalf

24   of Best Buy regarding Best Buy's Rewards Zone certificate reminders or go digital policy that

25   had been placed using an automated dialer and an  artificial or pre-recorded voice.

26

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 4
CASE NO. 2:10-cv-00774-RAJ

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    Excluded from the Classes are the Judge to whom the Action is assigned and any

2  member of the Judge's staff and immediate family.  For greater certainty and to avoid any

3  ambiguity, a class member shall be deemed to have "received" a telephone call if, according to

4  Best Buy's vendor's records, either a live person or an answering machine answered the call,

5  and shall not include call attempts where the line was busy or unanswered.  Terrell Decl., Ex. 1

6  (hereinafter "Settlement Agreement") at § II.A.7.

7  **C.    Settlement Benefits to Settlement Class Members**

8    Under the terms of the Settlement Agreement, Best Buy will pay a non-reversionary

9  cash sum in the total amount of $4,550,000 (the "Settlement Amount") to fully settle Plaintiff's

10  and Settlement Class Members' claims.  Settlement Agreement § III.C.  The Settlement

11  Amount includes all Settlement Awards to claiming Settlement Class Members and the

12  Settlement Costs.  *Id.*  Each Settlement Class Member who makes a valid and timely claim will

13  receive a Settlement Award.  *Id.* § III.F.3.  Washington Class members will be eligible to claim

14  up to three calls that they received from or on behalf of Best Buy regarding the "Certificate

15  Reminder" or "Go Digital" campaigns ("Claimed Calls").  *Id.* § III.F.2.  National Class

16  members who received a call regarding Best Buy's "Go Digital" campaign after they had

17  requested not to be called may make a claim for one call.  *Id.*

18    The amount of each claim will be calculated by first subtracting the Settlement Costs

19  from the Total Settlement Fund and then dividing that amount by the Total Number of

20  "Claimed Calls."  Settlement Agreement § III.F.3.  The formula is:  (Total Settlement Fund –

21  Settlement Costs) ÷ (Total Number of Valid and Timely Claimed Calls) = "Per Call Amount."

22  *Id.*  To determine the total Settlement Award for each Settlement Class Member, the Per Call

23  Amount would then be multiplied by the total number of the Settlement Class Member's

24  Claimed Calls.  *Id.*  For example, if the "Per Call Amount" is $50 and the Settlement Class

25  Member received two calls, the Settlement Class Members' total Settlement Award would be

26  $100.

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 5
CASE NO. 2:10-cv-00774-RAJ

Under the terms of the Settlement Agreement, the entire Settlement Fund will be used to pay for Settlement Awards and Settlement Costs.  Settlement Agreement § III.C.  There is no reversion to Best Buy.  *Id.*  If the Court were to approve a lesser amount for attorney fees and costs that will be sought by Class Counsel or a lesser amount to be paid to the Class Representative, the excess funds will be added to the amount to be paid to Settlement Class Members.  *Id.* § III.K.

In exchange for the settlement benefits, Plaintiff and Settlement Class Members will release Best Buy from every claim, right, cause of action, loss or liability that has been asserted in this action resulting from Best Buy's use of an "automatic dialing and announcing device" to contact or attempt to contact consumers regarding Best Buy's Reward Zone certificate reminder and go digital policies.  Settlement Agreement § III.P.

**D.    Claim Form**

To be eligible for a Settlement Award, Class members must submit a claim in which they verify the number of autodialed calls they received from Best Buy.  *See* Settlement Agreement § III.F.2, Ex. A.  Settlement Class Members may submit claims online or by filling out and mailing a Claim or Exclusion Form.  *Id.*  The claims administrator will mail a Claim or Exclusion Form to all Settlement Class members receiving notice by mail.  *See id.*, Exs. A, C. Settlement Class members receiving notice by email will be able to submit an online claim or excluded themselves simply by clicking on a link to the online claim form.  *See id.*, Ex. B.  In addition, the Claim or Exclusion Form can be downloaded on the settlement website.  *Id.*, Ex. D.  Settlement Class Members will have seventy-five days from the date the Claims Administrator initially mails notice to submit a claim.  *Id.* § II.A.5 & III.B.

**E.    Attorneys' Fees and Incentive Award**

The Settlement Agreement provides that for purposes of settlement Plaintiff will request that the Court appoint Plaintiff as Settlement Class Representative and the law firms of Terrell Marshall Daudt & Willie PLLC and Williamson & Williams as Settlement Class Counsel.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 6
CASE NO. 2:10-cv-00774-RAJ

Settlement Agreement § III.B.  Settlement Class Counsel will request that the Court approve an award of attorney's fees and costs of $1,137,500, which amounts to 25% of the Fund.  *Id.* § III.I. Counsel also will request that Plaintiff Chesbro be awarded $5,000 over and above the amount to which he is entitled under the settlement for his service to the Classes.  *Id.* § III.H. Plaintiff will request that these amounts, together with the costs that the Claims Administrator incurs administering the settlement and sending notice to the Classes, be deducted from the total Settlement Amount as Settlement Costs.  *Id.* § III.H & I.  Best Buy does not oppose these requests.  *Id.*

**F.    Notice**

The Settlement Agreement provides for a Notice Program in which the claims administrator will issue notice forms directly to Class members that inform them of the Settlement and their rights under it.  Settlement Agreement § III.E.  Members of the Classes will receive notice by either electronic mail or first-class mail using the most recent contact information available.  The following provides a summary of the settlement's Notice Program.

1.    <u>Email Notice</u>.  The settlement provides that the Claims Administrator will provide individual notice via email to those members of the Classes for whom Best Buy has an email address reasonably available in its computerized records (the "Email Notice").  Settlement Agreement § III.E.1.  The Claims Administrator will make a reasonable attempt to re-send returned email.  *Id.*  If an email is undeliverable, the Claims Administrator will send notice to the Class member via first-class mail.  *Id.* § III.E.2.  Under the terms of the settlement, the cost of sending email, updating email addresses if necessary, and re-sending Email Notice are Settlement Costs and will be deducted from the Settlement Fund.  *Id.* § III.C.  The Email Notice directs recipients to a Settlement Website maintained by the Claims Administrator where additional information and documents related to the settlement will be posted and where online exclusions and claims may be submitted.  *Id.* § III.E.1, 3.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 7
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

2.      Mail Notice.  The Claims Administrator will provide individual notice via direct mail to the most recent mailing address as reflected in Best Buy's computerized records for those persons in the Classes for whom Best Buy does not have an email address or to undeliverable email addresses (the "Mail Notice").  *Id.* § III.E.2.  If a Mail Notice is returned to the Claims Administrator, the Claims Administrator will attempt to locate an updated address for the Class member.  *Id.*  Any costs that the Claims Administrator incurs updating addresses are considered part of the Settlement Costs and will be deducted from the Settlement Amount.  *Id.* § III.C.  The Mail Notice directs recipients to the Settlement Website where they can obtain further information about the settlement and also can file claims or submit requests for exclusion.  *Id.* § III.E.2.

3.      Website Notice.  The Claims Administrator will establish and maintain a website devoted to providing information regarding the settlement.  Settlement Agreement § III.E.3.  The Settlement Website "home page" will contain information regarding the settlement, the rights of Class members, and a list of important deadlines.  Settlement Agreement, Ex. D.  The Settlement Agreement, Claim or Exclusion Form, Preliminary Approval Order, and Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Awards will be available for Class members to download beginning five days following preliminary approval of the settlement and will remain on the website until the settlement's Effective Date. *Id.*  The Settlement Website also will provide links so that Settlement Class members can easily submit claims or request to be excluded from the settlement.  *Id.*, Ex. D

**G.      Opt-Out Rights**

Members of the Classes may opt out of the settlement by completing a Claim or Exclusion Form and mailing it to the address listed on the form or by completing an online exclusion request.  Settlement Agreement § III.L.  The Claim or Exclusion Form includes the following statement: "I wish to exclude myself from being a member of the Settlement Class."  *Id.*, Ex. A.  The Claim or Exclusion Request form also includes a place to date and sign the

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 8
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

form beneath this statement.  *Id.*  Class members will have seventy-five days from the date the claims administrator initially mails notice to request to be excluded from the settlement.  *Id.* § III.B.

**H.      Objections to the Settlement**

Any Settlement Class Member who has not opted out may submit a written objection to the Settlement Agreement.  Settlement Agreement § III.M.  Settlement Class Members will have seventy-five days from the date of the initial mailing to object to the Settlement.  *Id.* § III.B.  The objection must be in writing, must identify the objector, must explain the basis for the objection, and must be submitted to the Claims Administrator by the deadline.  *Id.* § III.M.2.  Settlement Class Members who object may be heard at the final approval hearing. *Id.* § III.M.1.

**I.      Deadlines Contemplated By Settlement Agreement**

If the Court preliminarily approves the settlement, the Parties will file their briefs in support of final approval of the Settlement Agreement 30 days before the deadline to opt out or object to the Settlement.  Settlement Agreement § III.N.  The Parties will file their responses to any objections no later than 10 days after the deadline for Settlement Class members to opt-out or object, and will ask the Court to schedule a final approval hearing to be held at least 10 days after submission of the Parties' responses to any objections.  *See id.*, Ex. F.

The following table sets out the deadlines proposed in the Settlement Agreement:

| EVENT | SCHEDULED DATE |
|---|---|
| Deadline for sending CAFA Notice | 10 days following Preliminary Approval |
| Deadline for mailing Notice | 30 days following Preliminary Approval |
| Fee and Cost Application Due | 30 days following Preliminary Approval |
| Parties file their briefs in support of the settlement | 30 days prior to the deadline to opt out or object to the Settlement |

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

| Event | Scheduled Date |
|-------|----------------|
| Last day for Settlement Class members to opt-out of the Settlement | 105 days following Preliminary Approval (75 days after deadline for mailing notice) |
| Last day for objections to the Settlement to be filed with the Court | 105 days following Preliminary Approval (75 days after deadline for mailing notice) |
| Deadline to Submit a Claim | 105 days following Preliminary Approval (75 days after deadline for mailing notice) |
| Deadline to respond to objections if any | No later than 10 days after the deadline for objections to the Settlement |
| Final Approval Hearing | No earlier than 10 days after the Parties file their responses to objections, if any |

## IV.   ARGUMENT IN SUPPORT OF PRELIMINARY APPROVAL

As a matter of "express public policy," federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); *see also* 4 Herbert B. Newberg & Alba Conte, Newberg on Class Actions ("Newberg") § 11.41 (4th ed. 2002) (citing cases).  Here, the proposed Settlement Agreement is the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

### A.   The Settlement Agreement Should Be Preliminarily Approved

A motion for preliminary approval of a class action settlement does not require the Court to make a conclusive finding that the settlement terms are "fundamentally fair, adequate, and reasonable."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (discussing the "universally applied standard" for final approval of proposed class-action settlements).  That issue is appropriate for the Court to decide only after a formal fairness

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 10
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

hearing, where class members have an opportunity to be heard and present any objections to settlement.  The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reason" for settlement approval and thus whether notice to the class of the settlement's terms and the scheduling of a formal fairness hearing is worthwhile.  *See Orvis v. Spokane Cnty.*, 281 F.R.D. 469, 475 (E.D. Wash. 2012)*.  The decision to approve or reject a proposed settlement is committed to the Court's sound discretion.  *See City of Seattle*, 955 F.2d at 1276 (in context of class action settlement, appellate court cannot "substitute [its] notions of fairness for those of the [trial] judge and the Parties to the agreement," and will reverse only upon strong showing of abuse of discretion) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 626 (9th Cir. 1982)).

The Court's grant of preliminary approval will allow all Class members to receive notice of the proposed Settlement Agreement's terms and the date and time of the "formal fairness hearing," or Final Approval Hearing, at which Settlement Class Members may be heard regarding the Settlement Agreement, and at which further evidence and argument concerning the fairness, adequacy, and reasonableness of the Settlement Agreements may be presented.  *See* Manual for Complex Litigation (Fourth) (2004) §§ 13.14, 21.632 ("MCL 4th").  Neither formal notice nor a hearing is required at the preliminary approval stage; the Court may grant such relief upon an informal application by the settling parties, and may conduct any necessary hearing in court or in chambers, at the Court's discretion.  *Id.* at § 13.14.  Plaintiff respectfully requests that the Court hold such a hearing in this case.

       1.     <u>The Settlement Agreement Is the Result of Engaged, Arms-Length Negotiations Overseen by an Experienced Mediator</u>

The Court's primary responsibility on a motion for preliminary approval is to ensure that the settlement agreement does not appear to be "the product of fraud or overreaching by, or collusion between, the negotiating parties."  *Officers for Justice*, 688 F.2d at 625; *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (the purpose of the settlement approval process is to ensure that class counsel does not collude with defendants).

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 11
CASE NO. 2:10-cv-00774-RAJ

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   Accordingly, "[a] presumption of correctness is said to attach to a class settlement reached in

2   arms-length negotiations between experienced [and] capable counsel after meaningful

3   discovery." *Hughes v. Microsoft Corp.*, No. C98-1646C, C93-0178C, 2001 WL 34089697, at

4   \*7 (W.D. Wash. Mar. 26, 2001) (citation omitted); *accord*, 4 Newberg on Class Actions

5   § 11.41 ("There is usually an initial presumption of fairness when a proposed class settlement,

6   which was negotiated at arm's length by counsel for the class, is presented for court

7   approval."). *See also Pelletz v. Weyerhaeuser Co*., 255 F.R.D. 537, 542–43 (W.D. Wash.

8   2009) (approving settlement "reached after good faith, arms-length negotiations"); *In re*

9   *Phenylpropanolamine (PPA) Prods. Liability Litig*., 227 F.R.D. 553, 567 (W.D. Wash. 2004)

10  (approving settlement "entered into in good faith, following arms-length and non-collusive

11  negotiations"). Such a presumption is appropriate here.

12          The Settlement Agreement is the result of intensive, arm's-length negotiations between

13  experienced attorneys who are familiar with class action litigation and with the legal and

14  factual issues of this case. Terrell Decl. ¶¶ 2, 3. Plaintiff's counsel are particularly experienced

15  in the litigation, certification, and settlement of TCPA and WADAD cases similar to this case.

16  *Id.* ¶ 8; Williamson/Williams Decl. ¶¶ 2-3. In negotiating the Settlement Agreement, counsel

17  also had the benefit of years of experience litigating class actions and a familiarity with the

18  facts of this case. *Id.* Moreover, the parties engaged in two extensive and contested mediations

19  before an experienced former superior court judge. Terrell Decl. ¶ 2.

20          As discussed in Section II.B above, counsel spent a considerable amount of time

21  engaging in discovery, reviewing thousands of pages of documents, analyzing voluminous data,

22  and researching legal issues related to the lawsuit's claims. *Hanlon v. Chrysler Corp*., 150 F.3d

23  1011, 1027 (9th Cir. 1998) (no basis to disturb the settlement, in the absence of any evidence

24  suggesting that the settlement was negotiated in haste or in the absence of information).

25  Plaintiff and his counsel support the settlement as fair, reasonable, adequate and in the best

26  interests of the Settlement Classes. Terrell Decl. ¶ 12.

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 12
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

2.   <u>The Settlement Agreement Is a Preferable Alternative to the Risks Each Party Would Face Through Continued Litigation</u>

In agreeing to the awards for the Settlement Class Members, Plaintiff and his counsel have considered the risks inherent to litigation and the various defenses available to Best Buy, both on the merits and in terms of obtaining class certification.  Terrell Decl. ¶ 12.  Indeed, Plaintiff faced the risk of dismissal early in this litigation when the Court granted Best Buy's motion to dismiss.  Although Plaintiff ultimately prevailed on appeal, Plaintiff is well-aware that a jury could decide that calls were not made for purposes of "commercial solicitation" and thus that they cannot recover damages under the relevant statutes.  The reality that Plaintiff and class members could end up recovering only a fraction of the settlement benefits or even losing at trial was significant enough to convince Plaintiff and Plaintiff's counsel that the settlement reached with Best Buy outweighs the gamble of continued litigation.  *Id.*

Although Plaintiff successfully opposed Best Buy's motion for summary judgment, he is aware that going forward, there is a risk that the Court could decline to certify this case as a class action.  Courts are split and have either granted or denied class certification in robocalling and robofaxing cases brought under the TCPA depending upon the facts of the case.  *Compare Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D. Wash. 2007) (granting class certification) with *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169 (S.D. Ind. 1997) (denying class certification).  While Plaintiff believes the facts of this case make class certification appropriate, he is aware that if Best Buy were able to present convincing facts to supports its position, the Court could have denied Plaintiff's motion for class certification, leaving Plaintiff to pursue his individual claim.  *Id.*

Finally, there is a substantial risk of losing in any jury trial.  And, even if Plaintiff did prevail, any recovery could be delayed for years by an appeal.  The settlement provides substantial relief to Settlement Class Members without further delay.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 13
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

3.     The Settlement Provides Substantial Relief for Settlement Class
       Members and Treat All Settlement Class Members Fairly

The proposed Settlement Agreement provides relief for all Settlement Class Members. The Settlement Agreement requires Best Buy to pay $4.55 million to fund the settlement.  The Settlement Amount covers Settlement Awards to Settlement Class Members, attorneys' fees and expenses approved by the Court, and the costs of administering the settlement and providing notice to the Classes.

The funds distributed to the Settlement Classes will be allocated in a manner that is fair and reasonable.  Each member's share will be based on the number of calls that he or she received from Best Buy.  The settlement permits National Class members to claim one call because Best Buy only made one call to Reward Zone members as part of its go digital program.  The settlement permits Washington Class members to claim up to three calls because Best Buy's records indicate that Best Buy may have called Washington Class members more than one time as part of the go digital and certificate reminder programs.  Settlement Class Members must verify that they received one or more calls by signing and dating the claim form.

The amount that each Settlement Class Member will receive under the settlement cannot be determined with precision until the claims period is complete and the total number of calls that Settlement Class Members claim is known.  However, Plaintiff estimates that each Settlement Class Member will receive approximately $50 to $100 per call, which amounts to between 12.5% and 25% of the total amount they would be eligible to receive had they prevailed at trial.  Such percentages are well in line with settlement amounts approved in other cases.  *See Kakani v. Oracle Corp.*, 2007 WL 2221073, at *3 (N.D. Cal. Aug. 2, 2007) (granting preliminary approval of settlement award for 12.3% of maximum possible recovery); *Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974) (affirming approval of award representing 12% of maximum possible recovery), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).  The estimated individual settlement

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 14
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   amounts also are comparable to settlements approved by judges in the Western District of

2   Washington.  *See, e.g.*, *Gardner v. Capital Options*, No. C07-1918, Dkt. #32 (W.D. Wash. May

3   29, 2009) (Coughenour, J.) (approving settlement agreement providing for a payment of $170

4   to each class member); *Baron v. Direct Capital Corp.*, No. C09-00669, Dkt. #44 (W.D. Wash.

5   Aug. 3, 2010) (Robart, J.) (approving settlement agreement providing for $135 to each class

6   member); *Hovila v. Tween Brands, Inc.*, No. C09-00491, Dkt. #141 (W.D. Wash. Apr. 24,

7   2012) (Lasnik, J.) (approving settlement agreement providing for $20 or $45 in merchandise to

8   each class member).

9          The manner in which settlement funds will be allocated is simple and efficient. To

10   receive a check for their share of the settlement, Settlement Class Members must fill out a

11   simple claim form, which they can do either online or by mailing the form to the claims

12   administrator.  The Fund is non-reversionary.  Any funds from checks that remain uncashed

13   after 150 days will be re-distributed to Settlement Class Members who cashed their checks so

14   long as the pro rata amount that Settlement Class Members will receive from the second

15   distribution exceeds $3.00.  Any remaining residual will be donated as *cy pres* monies to the

16   Legal Foundation of Washington and Better Business Bureau National Advertising Division.

17          4.      The Class Representative Incentive Award Is Reasonable

18          Enhancement awards for class representatives, like the one for $5,000 requested here,

19   are appropriate.  Unlike unnamed Settlement Class Members, who will enjoy the benefits of the

20   representative's efforts without taking any personal action, Mr. Chesbro exposed himself to

21   Defendant's investigation, committed himself to all the rigors of litigation in the event the case

22   did not settle, and subjected himself to all the obligations of named parties.  Small incentive

23   awards, which serve as premiums in addition to any claims-based recovery from the settlement,

24   promote the public policy of encouraging individuals to undertake the responsibility of

25   representative lawsuits.  *See Rodriguez v. W. Publ'g Co.*, 563 F.3d 948, 958 (9th Cir. 2009)

26   (incentive awards "intended to compensate class representatives for work done on behalf of the

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 15
CASE NO. 2:10-cv-00774-RAJ

class [and] make up for financial or reputational risk undertaken in bringing the action"); *see also In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000); *Grays Harbor Adventist Christian Sch. v. Carrier Corp.,* No. 05-05437 RBL, 2008 WL 1901988, at *7 (W.D. Wash. Apr. 24, 2008); MCL 4th § 21.62 n. 971 (incentive awards may be "merited for time spent meeting with class members, monitoring cases, or responding to discovery").

Plaintiff will separately move for attorneys' fees and incentive awards before final approval, but for the purpose of preliminary approval, the service award contemplated by the settlement fall within the range of reasonableness.  Plaintiff Chesbro was deposed, answered written discovery, and was engaged throughout the litigation and settlement negotiation process.  Best Buy does not oppose an incentive award to Plaintiff as provided in the Settlement Agreement.

5.    The Contemplated Attorneys' Fees and Costs Are Fair and Reasonable

If the Court preliminarily approves the settlement, Plaintiff's counsel will request that the Court award them attorneys' fees and costs in the amount of $1,137,500, which is twenty-five percent of the total settlement.  Settlement Agreement § III.I.

This amount — which was negotiated only after the substantive terms of the settlement were agreed upon — is supported by the percentage-of-the-fund method that Ninth Circuit courts use to determine fees and costs in common fund class action cases.  In the Ninth Circuit, the benchmark for an award of attorneys' fees and costs is twenty-five percent of the settlement fund.  *See Torrisi v. Tucson Elec. Power Co*., 8 F.3d 1370, 1376 (9th Cir. 1993) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)).  When examining fees and costs, "district courts in the Ninth Circuit 'should be guided by the fundamental principle that fee awards out of common funds be reasonable under the circumstances.'"  *Wright v. Linkus Enter., Inc*., 259 F.R.D. 468, 476 (E.D. Cal. 2009) (citing *Chem. Bank v. City of Seattle* (*In re Wash. Pub. Power Supply Sys. Sec. Litig.*), 19 F.3d 1291, 1296 (9th Cir. 1994) (internal quotations omitted and emphasis in original)).  "In looking at the

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 16
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  circumstances of each case, relevant factors may include early settlement, achievement of an

2  excellent result, risk, and a showing of standard fees for similar litigation." *Id*. at 476–77

3  (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)).

4         Prior to final approval, Plaintiff's Counsel will file a separate motion for award of

5  attorneys' fees and costs, addressing in detail the facts and law supporting their fee request in

6  light of all of the relevant facts.  Counsel will file this motion 75 days before the deadline to

7  object to the settlement thereby providing Settlement Class Members with substantial time to

8  review the fee request. *See In re Mercury Interactive*, 618 F.3d 988, 993–94 (9th Cir. 2010)

9  (counsel's fee petition must be filed before the objection deadline). However, a review of the

10  factors for approving fees indicate that Plaintiff's counsel's contemplated request is well-within

11  the range of reasonableness for preliminary approval.

12         First, Class Counsel worked hard to achieve an excellent result for the Class.  Terrell

13  Decl. ¶ 12.  Class Counsel conducted thorough discovery, briefed a dispositive motion early on,

14  successfully appealed an adverse ruling on summary judgment, and engaged in extensive

15  settlement negotiations.  Class Counsel spent fewer hours on the case than they would have had

16  the case proceeded to trial, but the common fund doctrine "rests on the perception that persons

17  who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the

18  successful litigant's expense." *See Wright*, 259 F.R.D. at 477 (quoting *Boeing Co. v. Van

19  Gemert*, 444 U.S. 472, 478 (1980)).  Second, the settlement provides Settlement Class

20  Members with substantial benefits, including a cash payment from a Fund totaling $4.55

21  million.  Third, Plaintiff's counsel have devoted significant resources to the investigation and

22  prosecution of this case with no guarantee that counsel would be compensated for their or

23  reimbursed for their expenses.  To the contrary, payment of counsel's fees and expenses has

24  always been contingent on a successful recovery of damages.  Thus, there was substantial risk

25  of nonpayment.  Fourth, Plaintiff's request is well in line with fees and costs requested in

26  similar Ninth Circuit actions involving similar TCPA claims. *See, e.g., Lo v. Oxnard European*

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 17
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   *Motors, LLC*, No. 11CV1009 JLS, 2012 WL 1932283, at *9 (S.D. Cal. May 29, 2012)

2   (awarding twenty-five percent of common fund in fees exclusive of costs, and awarding

3   additional costs out of the common fund); *Malta v. Fed. Home Loan Mtg. Corp.*, No. 10-CV-

4   1290 BEN, 2013 WL 444619, at *23 (S.D. Cal. Feb. 4, 2013) (preliminarily approving

5   attorneys' fees "equal to 25% of the Settlement Fund Maximum Payment, or $4,275,000").

6          In short, Counsel's contemplated fees and costs request is appropriate and should be

7   preliminarily approved.

8   **B.      The Settlement Class Should Be Provisionally Certified for the Limited Purpose of
         Settlement**

9

10         The Parties request that the Court provisionally certify the Settlement Class for

11  settlement purposes only.[2]   Provisional certification will permit the Claims Administrator to

12  provide notice of the proposed settlement to the Settlement Class to inform them of the

13  existence and terms of the Settlement Agreement, their right to opt-out or object, and the date,

14  time, and location of the formal fairness hearing.  *See* MCL 4th §§ 21.632-633 (2004).  For the

15  reasons set forth below, preliminary certification is appropriate under Rule 23(a) and (b)(3).

16         The numerosity requirement of Rule 23(a) is satisfied.  According to Best Buy's

17  records, the Washington Class consists of approximately 439,000 individuals and the National

18  Class consists of approximately 42,000 individuals.  Joinder of all such persons is

19  impracticable.  *See* Fed. R. Civ. P. 23(a)(1); *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311,

20  1319 & n. 10 (9th Cir. 1982) (listing thirteen cases in which courts certified classes with fewer

21  than 100 members).  The commonality requirement is satisfied because there are many

22  questions of law and fact.  *See* Fed. R. Civ. P. 23(a)(2); *see also Meyer v. Portfolio Recovery

23  Assocs., LLC*, 707 F.3d 1036, 1041–42 (9th Cir. 2012) (upholding finding of commonality in

24  TCPA action); *Malta*, 2013 WL 444619 at *2 (commonality existed in TCPA case because

25  claims all arose from Defendant's allegedly unlawful practice of making autodialed calls).

26  _____

27  [2] Absent settlement, Best Buy would have vigorously defended against class certification and continues to strongly
    believe that individualized issues of consent would have precluded a litigation class from being certified.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 18
CASE NO: 2:10-cv-00774-RAJ

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   Indeed, the central common issue to be determined in this case is whether the calls Best Buy

2   made constitute "solicitations" under the relevant statutes.  The typicality requirement is

3   satisfied because Plaintiff's claims, which arise from autodialed calls made by Best Buy to

4   Class members, are "reasonably coextensive with those of the absent class members."  *See* Fed.

5   R. Civ. P. 23(a)(3); *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003).  The

6   adequacy of representation requirement is satisfied because Plaintiff's interests are coextensive

7   with, and not antagonistic to, the interests of the Settlement Classes.  *See* Fed. R. Civ. P.

8   23(a)(4); *see also Hansen*, 213 F.R.D. at 415–16.  Further, Plaintiff is represented by qualified

9   and competent counsel who have extensive experience and expertise in prosecuting complex

10  class actions.  *See generally* Terrell Decl. ¶¶ 6-11; Williamson/Williams Decl. ¶¶ 2-3, 6-7.

11          The predominance requirement of Rule 23(b)(3) is satisfied because common questions

12  present a significant aspect of the case and can be resolved for all Settlement Class members in

13  a single adjudication.  *See* Fed. R. Civ. P. 23(b)(3); *see also Local Joint Exec. Bd. of*

14  *Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).

15          Because the claims are being certified for purposes of settlement, there are no issues

16  with manageability, and resolution of thousands of claims in one action is far superior to

17  individual lawsuits and promotes consistency and efficiency of adjudication.  *See* Fed. R. Civ.

18  P. 23(b)(3); *see also Connor v. Automated Accounts, Inc.*, 202 F.R.D. 265, 271-72 (E.D. Wash.

19  2001).  For these reasons, certification of the Settlement Class for purposes of settlement is

20  appropriate.

21  **C.      The Proposed Notice Program Is Constitutionally Sound**

22          "To protect their rights, the Court must provide class members with the best notice

23  practicable regarding the proposed settlement.  Fed. R. Civ. P. 23(c)(2).[3]  The best practicable

24

25  _____

    [3] *See also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (provision of "best notice practicable"

26  under the circumstances with description of the litigation and explanation of opt-out rights satisfies due process);
    *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (holding "[w]e do not believe that *Shutts* changes the

27  traditional standard for class notice from 'best practicable' to 'actually received' notice").

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 19
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    notice is that which is "reasonably calculated, under all the circumstances, to apprise interested

2    parties of the pendency of the action and afford them an opportunity to present their

3    objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

4         Settlement Class members can be reasonably identified through Best Buy's own records

5    and the records of its calling vendor, which contain information on all consumers who received

6    autodialed calls from Best Buy in connection with Best Buy's Reward Zone program.  Terrell

7    Decl. ¶¶ 4, 5.  Plaintiff proposes sending notice in the forms attached as Exhibits B and C to the

8    Settlement Agreement directly via email or first-class mail to all members of the proposed

9    Classes.  This approach will ensure that direct notice reaches as many Class members as

10   possible.

11        The language of the proposed notices is plain and easily understood, providing neutral

12   and objective information about the nature of the settlement.  The notice includes the definition

13   of the Classes, a statement of each Class member's rights (including the right to opt-out of the

14   Settlement Class or object to the settlement), a statement of the consequences of remaining in

15   the Settlement Class, an explanation of how members can exclude themselves from the

16   respective Classes or object to the settlement, and methods for obtaining more information,

17   including directions to log on to a dedicated Settlement Website.  *See id.*  The notices also

18   explain how Settlement Class Members can submit claims.

19        Plaintiff submits that the notice program outlined in the Settlement Agreements is the

20   best practicable notice under the circumstances of this case, and will be highly effective.

21   **D.    Scheduling a Final Approval Hearing Is Appropriate**

22        The last step in the settlement approval process is a Final Approval Hearing at which

23   the Court may hear all evidence and argument necessary to make its settlement evaluation.

24   Proponents of the Settlement Agreement may explain the terms and conditions of the

25   Settlement Agreement, and offer argument in support of final approval.  The Court will

26   determine after the Final Approval Hearing whether the Settlement Agreement should be

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT - 20
CASE NO. 2:10-cv-00774-RAJ

1   approved, and whether to enter a final order and judgment under Rule 23(e).  Plaintiff requests

2   that the Court set a date for a hearing on final approval at the Court's convenience, but no

3   earlier than 125 days after an order on preliminary approval is entered.

### V.   CONCLUSION

5        For all of the foregoing reasons, Plaintiff respectfully requests that the Court: (1) grant

6   preliminary approval of the proposed Settlement Agreement; (2) provisionally certify the

7   proposed Classes and appoint Michael Chesbro Class Representative for both Classes; (3) stay

8   this action and enjoin the prosecution by Settlement Class Members of any action for the

9   Released Claims against the Released Parties; (4) approve the notice plan and forms of

10  settlement notice and order provision of such notice; (5) appoint Terrell Marshall  Daudt &

11  Willie PLLC and Williamson & Williams as Class Counsel; (6) appoint Garden City Group,

12  Inc. as claims administrator; and (7) schedule a formal fairness hearing on final settlement

13  approval at the Court's convenience but no earlier than 125 days after preliminary approval.

14       RESPECTFULLY SUBMITTED AND DATED this 6th day of December, 2013.

15       TERRELL MARSHALL DAUDT & WILLIE PLLC

17       By:  /s/ Beth E. Terrell, WSBA #26759

18          Beth E. Terrell, WSBA #26759
        Email:  bterrell@tmdwlaw.com
19          936 North 34th Street, Suite 300
        Seattle, Washington 98103-8869
20          Telephone: (206) 816-6603
        Facsimile: (206) 350-3528
21

22          Rob Williamson, WSBA #11387
        Email:  roblin@williamslaw.com
23          WILLIAMSON & WILLIAMS
        936 North 34th Street, Suite 300
24          Seattle, Washington  98103-8869
        Telephone:  (206) 466-6230
25          Facsimile:  (206) 535-7899

26          *Attorney for Plaintiff*

27

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Beth E. Terrell, hereby certify that on December 6, 2013, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

K. Michael Fandel, WSBA #16281

6

Email: mfandel@grahamdunn.com
David C. Lundsgaard, WSBA #25448

7

Email: dlundsgaard@grahamdunn.com
Aimee K. Decker, WSBA #41797

8

Email:  adecker@grahamdunn.com
GRAHAM & DUNN PC

9

2801 Alaskan Way, Suite 300

10

Seattle, Washington 98121
Telephone: (206) 624-8300

11

Facsimile: (206) 340-9599

12

Anne M. Lockner, *Admitted Pro Hac Vice*

13

Email: amlockner@rkmc.com
Michael D. Reif, *Admitted Pro Hac Vice*

14

Email: mdreif@rkmc.com
Denise Rahne, *Admitted Pro Hac Vice*

15

Email:  dsrahne@rkmc.com
David Leichtman, *Admitted Pro Hac Vice*

16

Email:  dleichtman@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

17

2800 LaSalle Plaza, 800 LaSalle Avenue

18

Minneapolis, Minnesota 55402
Telephone: (612) 349-8500

19

Facsimile: (612) 339-4181

20

*Attorneys for Defendant*

21

DATED this 6th day of December, 2013.

22

TERRELL MARSHALL DAUDT & WILLIE PLLC

23

By:  /s/ Beth E. Terrell, WSBA #26759

24

Beth E. Terrell, WSBA #26759
Email: bterrell@tmdwlaw.com

25

936 North 34th Street, Suite 300
Seattle, Washington 98103-8869

26

27

*Attorneys for Plaintiff*

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com