THE HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL CHESBRO, an individual, | NO. 2:10-cv-00774-RAJ |
| Plaintiff, | **PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL** |
| v. | |
| BEST BUY STORES, L.P., | Noted for Consideration: April 18, 2014 |
| Defendant. | |

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

**TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION ................................................................................................1

II.   THE COURT'S CONCERNS .............................................................................2

     A.    Evidence of Predominance ......................................................................2

          1.    Standard for Predominance ........................................................2

          2.    Certificate Reminder Calls ........................................................2

          3.    Go Digital Calls ..........................................................................5

     B.    The Settlement Provides Substantial Relief to Class Members ..............7

          1.    Amount Class Members Potentially Could Recover at Trial ....7

          2.    Basis for $50 - $100 Per Call Estimate .....................................10

     C.    Plaintiff Has Revised the Class Notice to Address the Court's Concerns ..................................................................................................12

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - i
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Abdullah v. U.S. Sec. Assoc., Inc.*,
   731 F.3d 952 (9th Cir. 2013) .................................................................................2

*Agne v. Papa John's Int'l, Inc.*,
   286 F.R.D. 559 (W.D. Wash. 2012) ...................................................................2, 6

*Adamcik v. Credit Control Servs., Inc.*,
   832 F. Supp. 2d 744 (W.D. Tex. 2011) ..................................................................9

*Baron v. Direct Capital Corp.*, No.
   C09-669 JLR (W.D. Wash. Aug. 13, 2010) ........................................................11

*Chesbro v. Best Buy Stores, L.P.*,
   705 F.3d 913 (9th Cir. 2012) .................................................................................4

*Cubbage v. The Talbots, Inc.*,
   No. C09-0091 BHS (W.D. Wash. Oct. 22, 2012) ..........................................11, 12

*Global Educ. Servs., Inc. v. Intuit, Inc.*,
   No. C09-944 RSL (W.D. Wash. 2012) ................................................................11

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ...............................................................................2

*Hovila v. Tween Brands, Inc.*,
   No. 09-00491 RSL (W.D. Wash. Apr. 25, 2012) ............................................3, 11

*Knutson v. Schwan's Home Serv., Inc.*,
   No. 3:12-cv-0964, 2013 WL 4774763 (S.D. Cal. Sept. 5, 2013) ...........................2

*Kwan v. Clearwire*,
   No. C09-1392 JLR (W.D. Wash. May 7, 2013) ..................................................12

*Lee v. Stonebridge Life Ins. Co.*,
   289 F.R.D. 292 (N.D. Cal. 2013) ...........................................................................2

*Levy v. Receivables Performance Mgmt.*,
   LLC, No. 11-3155, 2013 WL 5310166 (E.D. N.Y. Sept. 23, 2013) ......................9

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - ii
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) .................................................................................... 10

*Masters v. Wells Fargo Bank South Cent., N.A.*,
    No. A-12CA376, 2013 WL 3713492 (W.D. Tex. July 11, 2013) .................................. 10

*McClintic v. Lithia Motors, Inc.*, No.
    C11859 RAJ (W.D. Wash. Oct. 23, 2012) ............................................................. 11, 12

*Officers for Justice v. Civil Serv. Comm'n of City and Cnty.*,
    688 F.2d 615 (9th Cir. 1982) ...................................................................................... 10

*Pasco v. Protus IP Solutions, Inc.*,
    826 F. Supp. 2d 825 (D. Md. 2011) .............................................................................. 9

*Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.*,
    Case No. C13-1347-JCC (WD. Wash. 2013) ............................................................... 9

*Ritchie v. Van Ru Credit Corp.*,
    No. CV-12-1714-PHX-SMM, 2014 WL 956131 (D. Ariz. March 12, 2014) ................ 2

*Stern v. DoCircle, Inc.*,
    No. SACV 12-2005 AG (JPRx), 2014 WL 486262 (C.D. Cal. Jan. 29, 2014) ......... 2, 6, 7

*Stonebridge Life Ins. Co.*,
    289 F.R.D. 292 (N.D. Cal. 2013) ............................................................................. 2, 6

**FEDERAL STATUTES**

47 U.S.C. § 227(b)(3)(B) ..................................................................................................... 8

47 U.S.C. § 227(b)(3)(C) ..................................................................................................... 8

**STATE STATUTES**

RCW 19.86.090 ................................................................................................................... 9

RCW 80.36.400 ................................................................................................................... 8

**FEDERAL RULES**

47 C.F.R. § 64.1200(a)(2)(iv) .............................................................................................. 4

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - iii
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

47 C.F.R. § 64.1200(f)(4)(i) ...................................................................................................4

**OTHER AUTHORITIES**

7A Wright, Miller & Kane, Fed. Prac. & Proc. § 1778 (2d ed. 1986) .........................................2

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL - iv
CASE NO. 2:10-CV-00774-RAJ

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## I. INTRODUCTION

On December 6, 2013, Mr. Chesbro filed a motion for preliminary approval of the class action settlement that he reached with Defendant Best Buy Stores, L.P. ("Best Buy"). *See* Dkt. No. 88. On February 26, 2014, this Court denied Mr. Chesbro's motion without prejudice. Dkt. No. 91 ("Preliminary Approval Order"). The Court gave Mr. Chesbro permission to "file a renewed motion that addresses the concerns raised by the court…." *Id.*

In the Preliminary Approval Order, the Court expressed two primary concerns. First, based on the record submitted on preliminary approval, the Court was unable to determine whether Plaintiff satisfied Rule 23's predominance requirement. As an example, the Court specifically noted that "[i]t is possible … that questions pertaining to whether class members had at some point consented to the receipt of Best Buy's calls are individualized." Preliminary Approval Order at 5:10–12. The Court found it could not make this determination because "no party presented any evidence on this issue." *Id.* at 5:10–13. Second, the Court was unable to find that the settlement was fair, reasonable, and adequate, suggesting that Plaintiff provide further analysis regarding his statement that the settlement provides "substantial relief" to the Settlement Class. In particular, the Court noted that Plaintiff (1) had not indicated the maximum amount that Settlement Class members could gain by going to trial; (2) had not explained how he reached his estimate that each Settlement Class member would receive $50 to $100 per call; (3) had not provided the Court with evidence documenting the estimated administrative costs associated with the settlement; and (4) had not explained the normal range for participation in class action settlements.

In accordance with the Preliminary Approval Order, Plaintiff respectfully submits this renewed motion for preliminary approval to address the Court's concerns.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 1
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## II. THE COURT'S CONCERNS

### A. Evidence of Predominance

For the following reasons, Plaintiff believes that common issues predominate and certification of the proposed settlement classes is appropriate.[1]

#### 1. Standard for Predominance

The predominance requirement "focuses on the relationship between the common and individual issues in the case, and tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation." *Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d 952, 964 (9th Cir. 2013) (citations and internal marks omitted). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (citing 7A Wright, Miller & Kane, Fed. Prac. & Proc. § 1778 (2d ed. 1986)). District courts frequently certify TCPA class actions like this one, finding common issues predominate, particularly in the settlement context.[2]

#### 2. Certificate Reminder Calls

Best Buy placed all the autodialed calls at issue in this case to members of its customer loyalty program called Reward Zone. The Reward Zone program allows members to earn points toward certificates, which are coupons for discounts on future purchases at Best Buy.

---

[1] Best Buy has reserved its right to contest predominance if the settlement is not approved.

[2] *See, e.g., Ritchie v. Van Ru Credit Corp.*, No. CV-12-1714-PHX-SMM, 2014 WL 956131, at *3 (D. Ariz. March 12, 2014) (certifying settlement class of consumers who alleged they received automated calls to their cellular telephone calls without their consent); *Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-0964, 2013 WL 4774763, at *11 (S.D. Cal. Sept. 5, 2013) (certifying class of consumers who received autodialed calls with a prerecorded message on their cell phones from a defendant seeking to obtain orders for food products under the guise of providing information about their delivery truck routes); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292, 294-95 (N.D. Cal. 2013) (certifying class of text message recipients and overruling defendant's objections on the grounds that they may resolved during merits phase); *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 572 (W.D. Wash. 2012) (certifying class of cell phone owners who received text messages promoting the defendant's pizza products). Certification of a TCPA case is appropriate where the class certification record indicates that the central issues in the case will be "proved or disproved on evidence and theories applicable to the entire class." *Stern v. DoCircle, Inc.*, No. SACV 12-2005 AG (JPRx), 2014 WL 486262, at *8 (C.D. Cal. Jan. 29, 2014) (certifying class of consumers who allegedly received unsolicited text messages in violation of the TCPA).

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 2
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

As part of the Reward Zone enrollment process, customers provide Best Buy with their name, address, telephone number, and other contact information.

Beginning in the fall of 2007, Best Buy began leaving pre-recorded messages for a subset of its Reward Zone members to remind them to use their Reward Zone certificates before they expired ("certificate reminders"). For example, Best Buy left the following message:

> Hello, this is Andrea from Best Buy Reward Zone calling for [Recipient's first and last name] to remind you that your Rewards Certificates are about to expire. [certificate amount] dollars in Reward Certificates were mailed to you on [mailing date] and they will expire if not used by [expiration date]. If you do not have your Reward Certificates, you can re-print them online at myrewardzone.com. Thank you for shopping at Best Buy.

Supplemental Declaration of Beth E. Terrell ("Supp. Terrell Decl."), Ex. 1. Plaintiff seeks relief for alleged unlawful certificate reminder calls on behalf of the Washington Class. According to Best Buy's records, Best Buy placed "certificate reminder" calls to 439,000 Washington residents.

Plaintiff alleges that every certificate reminder call made to Washington residents violated the WADAD, which "flatly prohibits the use of ADADs in commercial solicitation." *Hovila v. Tween Brands, Inc.*, C09-0491 RSL, 2010 WL 143347, at *12 (W.D. Wash. April 7, 2010) (referencing RCW 80.36.400, which provides that "[n]o person may use an automatic dialing and announcing device for purposes of commercial solicitation"). In other words, unlike under the TCPA, Plaintiff alleges that there are no potential "consent" or "existing business relationship" defenses to a WADAD claim.

Best Buy argued that because Plaintiff and class members voluntarily provided their telephone numbers to Best Buy when they accepted Reward Zone membership the certificate reminder calls were not "unsolicited" as required under the WDAD. Judge Lasnik has rejected this argument. *See Hovila*, 2010 WL 143347 at *12 (declining to find that "unsolicited" means without "prior express or permission" and instead adopting the common, ordinary meaning of

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 3
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

unsolicited as "not asked for" or "not requested"). The Ninth Circuit also has ruled that the calls Best Buy made to the named Plaintiff may have been "unsolicited," noting "these calls were aimed at encouraging listeners to engage in future commercial transactions with Best Buy to purchase its goods." *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 919 (9th Cir. 2012). Therefore, the calls constituted unsolicited advertisements, telephone solicitations, and telemarketing within the meaning of the TCPA, the WADAD and the CPA. *Id.*

More importantly, Best Buy argues that as a matter of law none of the certificate reminder calls made to Washington Reward Zone members violated the WADAD because they were not "unsolicited." This "unsolicited" defense applies equally to Mr. Chesbro and the Washington class, rendering classwide treatment of that legal issue appropriate.

Plaintiff does not seek relief for certificate reminder calls on behalf of the National Class because the certificate reminder calls did not violate the TCPA. The TCPA allows autodialed calls to residential phones for "…person[s] with whom the caller has an established business relationship at the time the call is made…" 47 C.F.R. § 64.1200(a)(2)(iv) (the "EBR defense"). Best Buy asserted the EBR defense to exculpate itself from certificate reminder calls it made to customers and former customers outside of Washington.[3] However, "…[a] subscriber's seller-specific do-not-call request…terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller." 47 C.F.R. § 64.1200(f)(4)(i). Best Buy's policy was to honor all such requests to "opt out" from receiving Reward Zone communications. Supp. Terrell Decl., Ex. 2 (indicating that customers who opt out from Reward Zone reminders and customers who opt out from receiving communications from Best Buy in general were "scrubbed" from Best Buy's call lists). Therefore, Best Buy did not place any certificate reminder calls to non-Washington residents who had opted out of receiving such calls. *Id.*, Ex. 3 at 25:22 – 27:9. Based on this evidence, National Class members who received certificate reminder calls do not have viable TCPA claims because they had an existing business relationship with Best Buy and

---

[3] The FCC has since amended 47 C.F.R. § 64.1200(a)(2) to eliminate the EBR exception for residential landlines.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 4
CASE NO. 2:10-CV-00774-RAJ

failed to opt out of receiving such calls. As a result, National Class members may only recover for "go digital" calls, which are described below.

3.  Go Digital Calls

In the summer and fall of 2009, Best Buy decided to reduce marketing costs by "going digital." The goal of the program was to start issuing Reward Zone certificates online, with consumers being notified by email when they had earned a certificate. Best Buy left pre-recorded "go digital" messages for some of its Reward Zone members who could not be reached by other means as follows:

> This is a very important message regarding the Best Buy Reward Zone program. We're making some changes to increase the security of the program and be more environmentally friendly. Please listen to the entire message and then go to MyRewardZone.com for details and to update your membership.
>
> The following changes take effect October 31st, 2009:
>
> • First, to help reduce paper use, reward certificates will only be available by logging onto MyRewardZone.com.
>
> • Second, reward certificates will no longer be transferable.
>
> • Lastly, for the following three conditions, points will be cashed out to the $5 level and the remaining points will be forfeited:
>
> • You will need to provide an e-mail address at MyRewardZone.com. Members who haven't provided an e-mail address will no longer be eligible to participate in the program.
>
> • Reward Zone is becoming an annual program, which means that points no longer roll over from year-to-year.
>
> • You will need to make 1 purchase every 12 months to remain in the program.
>
> For full details and to make sure you're ready for these changes, go to MyRewardZone.com.
>
> If you would like to hear this message again, press 9.
>
> Thank you for your time – and for being a valued Reward Zone member.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 5
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Supp. Terrell Decl., Ex. 4.  Reward Zone members received one "go digital" call.

As with the certificate reminder calls, Best Buy placed "go digital" calls to the 439,000 Washington Class members.  As noted above, Plaintiff alleges all of the "go digital" calls to Washington residents violated the WADAD.  Best Buy also placed "go digital" calls to Reward Zone members nationwide.  Unlike the certificate reminder calls, however, Best Buy inadvertently failed to suppress a relatively small number of Reward Zone members who had opted out of receiving calls from its "go digital" call lists.  Supp. Terrell Decl., Ex. 3 at 53:17 – 55:16 (admitting Best Buy made an "execution error" when identifying individuals who opted out from receiving go digital calls.)  As a result of this error, some customers who had opted out of receiving calls mistakenly received "go digital" calls.  *Id.*  Plaintiff alleges those calls violated both the WADAD and the TCPA.  Best Buy has indicated it placed these calls to 42,000 individuals (the "National Class").

Best Buy vigorously argued that the TCPA did not required it to suppress "opt outs" from its "go digital" call lists because such calls were "informational" or "transactional" rather than solicitations.  Again, this merits dispute can be resolved on a class-wide basis.  Best Buy did not assert that <u>some</u> "go digital" calls were informational or transactional.  Instead, Best Buy maintained <u>all</u> calls placed were exempt from the TCPA because they were transactional in nature.  Thus, the purpose of the calls is a legal question amenable to classwide determination.

Best Buy also maintained that the "go digital" calls were not "unsolicited" for purposes of the WADAD because the Class Members had enrolled in the Reward Zone program.  As noted above, Plaintiffs believe this common legal issue can be resolved on a classwide basis. Because of the nature of the factual underpinnings of Plaintiff's and the Classes' claims, there are no individualized issues of consent and common issues predominate.  *See Stonebridge Life Ins. Co.*, 289 F.R.D. 292, 294-95 (N.D. Cal. 2013) (holding class certification is appropriate where defendant's evidence regarding consent "applies to the class at large"); *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 572 (W.D. Wash. 2012) (certifying class of cell phone owners who received text messages promoting the defendant's pizza products); *Stern v.*

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL - 6
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*DoCircle, Inc.*, No. SACV 12-2005 AG (JPRx), 2014 WL 486262, at *8 (C.D. Cal. Jan. 29, 2014) (certifying class of consumers who allegedly received unsolicited text messages in violation of the TCPA).

**B.     The Settlement Provides Substantial Relief to Class Members**

The settlement requires Best Buy to pay $4,550,000 into a non-reversionary common Settlement Fund out of which claimants will receive their pro rata share.  In the Preliminary Approval Order, the Court indicated it was unable to determine whether this amount was adequate to compensate class members because the parties have not (1) provided evidence or analysis regarding the amount class members potentially could recover at trial, including the likelihood that class members would be awarded treble damages at trial and/or separate statutory damages for each statutory violation proved; (2) explained how they reached their estimate that claimants will receive $50 to $100 per automated call; (3) explained why $50 to $100 is reasonable; and (4) provided the Court with an estimate of the costs to notify class members and administer the settlement.  Plaintiffs respectfully address each of the Court's concerns in the following.

    1.     <u>Amount Class Members Potentially Could Recover at Trial</u>

Best Buy mounted a vigorous defense to Plaintiff's claims.  As this Court is well-aware, this case did not involve a company launching a "cold calling" telemarketing campaign to secure new customers.  Instead, Best Buy alleges that it only called existing Reward Zone program members who had provided their contact information to Best Buy.  *See* Dkt. Sub No. 23 at 10:17 – 11:20.  Best Buy further alleges that the calls themselves were "informational" rather than "solicitations."  *See id.*  Indeed, Best Buy's position throughout this litigation was that its customers wanted, and indeed, appreciated the informational calls about the Reward Zone program.  *See* Dkt. No. 40 at 7:15–21.  It is far from clear whether a jury would agree with Plaintiff that receipt of telephone calls about the Reward Zone program to a number provided to Best Buy while signing up for that program could be considered "unsolicited."  Plaintiff risked losing on liability at trial, let alone willfulness.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 7
CASE NO. 2:10-CV-00774-RAJ

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Best Buy believed so strongly in the strength of its defenses that it was unlikely the parties would have settled without the hard work of the Honorable William Cahill (Ret.) of JAMS.  The parties participated in two full-day mediation sessions before Judge Cahill, on May 15 and 16, 2013.  The parties submitted detailed mediation briefs to Judge Cahill, setting forth their respective views on the strengths of their cases.  During these mediation sessions, the parties discussed their relative views of the law and the facts and potential relief for the proposed class.  Counsel exchanged a series of counterproposals on key aspects of the settlement, including the parameters of the practice changes and monetary relief for the class, and the meaning and interpretation of the eligibility requirements.  At all times, the parties' settlement negotiations were highly adversarial, non-collusive, and at arm's length.  After two full days of intense negotiations, the parties determined that they fundamentally disagreed about the strengths of Plaintiff's case, as well as Best Buy's defenses.  In addition, it became clear that the factual record required further development, both with regard to Best Buy's calling data as well as its calling vendor's data if the parties hoped to resolve the case.

As a result, Plaintiff deposed Best Buy's corporate designee, Lynn Howell, and submitted extensive questions to and interviewed Best Buy's calling vendor.  Only after this additional discovery had been completed did the parties resume negotiations with a final mediation session on September 25, 2013.  The parties reached impasse at the final mediation session and were about to leave when Judge Cahill intervened with a mediator's proposal.  Without Judge Cahill's intervention, it is unlikely the parties would have settled.

Plaintiff and National Class members theoretically can recover $1500 in statutory damages for each violation of the TCPA.  *See* 47 U.S.C. § 227(b)(3)(B) (permitting $500 in statutory damages for each violation of the TCPA); 47 U.S.C. § 227(b)(3)(C) (permitting $1,500 for "willful" TCPA violations).  Plaintiff and other Washington class members could also potentially recover $1500 per violation of Washington's ADAD statute.  RCW 80.36.400 (providing that a violation of the ADAD constitutes a violation of Washington's Consumer

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 8
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Protection Act, RCW 19.86 ("CPA") and that damages are "presumed" to be $500); RCW 19.86.090 (providing a court may treble actual damages in its discretion).

However, Plaintiff faced substantial risk that the Court would not find Best Buy's conduct "willful" and thus would not award treble damages under the TCPA. *See, e.g., Adamcik v. Credit Control Servs., Inc*., 832 F. Supp. 2d 744, 754 (W.D. Tex. 2011) (finding the defendant did not act willfully because no evidence existed that defendant knew and disregarded the plaintiff's revocation of consent or that defendant knew it was violating the TCPA); *Levy v. Receivables Performance Mgmt.*, LLC, No. 11-3155, 2013 WL 5310166, at *11-12 (E.D. N.Y. Sept. 23, 2013) (granting plaintiff's motion for summary judgment, but declining to find as a matter of law that the defendant acted willfully despite "abundant evidence" that it did). Given that Best Buy honored the National Class' opt out requests for the certification reminder calls and only placed "go digital" calls to National Class members who had opted out due to a programming "glitch," there was a substantial risk that the Court would not find Best Buy's conduct willful.

As for the WADAD, there is an argument that the CPA permits trebling only of "actual damages." *See* RCW 19.86.090. But Plaintiff alleges only statutory damages, not actual damages. *See* Dkt. No. 30 (Second Amended Complaint) at 5:9 – 8:3. Judge Coughenour recently held that treble damages are not available under the CPA for violations of the WADAD where a plaintiff alleges only statutory damages. *Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.*, Case No. C13-1347-JCC (WD. Wash. 2013) (Dkt. No. 31) (holding ". . . the Court's difficulty in imagining what actual damages could have arisen from one phone call lead the Court to conclude that amendment would be futile. Plaintiff's claims for treble damages under the CPA are therefore dismissed with prejudice.")  As a result, there was substantial risk that the Washington Class would not receive treble damages under the CPA.

Plaintiff also is unlikely to recover statutory damages under both the WADAD and the TCPA for the same calls. *See, e.g.*, *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 845 (D. Md. 2011) (concluding that the plaintiffs likely could not recover under both the

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 9
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

federal TCPA and the Maryland TCPA because they regulate the same conduct); *Masters v. Wells Fargo Bank South Cent., N.A.*, No. A-12CA376, 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013) (finding that "there is no indication" that the TCPA intended to allow double recovery under federal law and state counterparts for the same TCPA violations). Instead, the parallel statutes provide alternative theories of recovery for unlawful calls.

Due to uncertainties such as those outlined above, courts caution that a proposed settlement "[should] not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators" because "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (citations omitted). Indeed, "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Officers for Justice v. Civil Serv. Comm'n of City and Cnty.*, 688 F.2d 615, 625 (9th Cir. 1982). Because it is unlikely that Plaintiff would recover treble damages, be awarded statutory damages under both federal and state statutes, or obtain $500 for each and every call, Plaintiff reasonably used $500 per violation as the absolute most he and class members would receive at trial.

2. <u>Basis for $50 - $100 Per Call Estimate</u>

In his motion for preliminary approval, Plaintiff estimates that class members will receive $50 to $100 per call. Plaintiff reached this estimate by first subtracting the estimated settlement costs from the gross settlement fund to determine the estimated "Net Settlement Fund."

| | |
|---|---:|
| Gross Settlement Fund: | $4,550,000 |
| Administration Costs: | $195,000 |
| Requested Incentive Award: | $5,000 |
| Requested Attorneys' Fees and Expenses: | <u>$1,137,500</u> |
| Net Settlement Fund: | $3,212,500 |

The "administration costs," which the claims administrator estimates to be $195,000, include all costs to notify class members of the settlement, maintain the settlement website, and

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 10
CASE NO. 2:10-CV-00774-RAJ

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.350.3528
www.tmdwlaw.com

administer the claims program. *See generally* Declaration of Jennifer M. Keough Regarding Estimated Administration Costs, filed herewith.

To estimate the amount that a class member would receive from the settlement "per call" received, Plaintiff assumed that between 3% and 6% of the class members would file claims and that each Washington Class member would claim he or she received two calls. Plaintiff bases his 3-6% claims rate estimate on research regarding similar claims rates in recent TCPA actions settled in the Western District. *See Baron v. Direct Capital Corp.*, No. C09-669 JLR, Dkt. No. 36, 44 (W.D. Wash. Aug. 13, 2010) (4.09% claims rate); *Cubbage v. The Talbots, Inc.*, No. C09-0091 BHS, Dkt. No. 110 (W.D. Wash. Oct. 22, 2012) (4.9% claims rate); *Global Educ. Servs., Inc. v. Intuit, Inc.*, No. C09-944 RSL, Dkt. No. 91 (W.D. Wash. 2012) (.5% claims rate); *Hovila v. Tween Brands, Inc.*, No. 09-00491 RSL (W.D. Wash. Apr. 25, 2012) (3.68% claims rate); *McClintic v. Lithia Motors, Inc.*, No. C11859 RAJ, Dkt. No. 50 (W.D. Wash. Oct. 23, 2012) (4.16% claims rate). Plaintiff bases his estimate that each Washington Class member will claim two calls on the assumption that each Washington Class member will claim to have received one certificate reminder and one go digital call.

According to data received from Best Buy, the Washington Class consists of 439,000 class members and the National Class consists of 42,000 class members. Each Washington Class member may claim for up to three calls, which the claims administrator may verify. This is because Best Buy has indicated that it placed more than one "certificate reminder" calls to Class members. In addition, Washington Class members also may have received a "go digital" call. Because the National Class includes only those Best Buy customers who received "go digital" calls and Best Buy placed only one "go digital" call to each customer, National Class members may claim only one call. Assuming a 3% claims rate and two calls per Washington Class member, Plaintiff estimated each class member will receive $116.39 per call:

| | |
|---|---|
| WA Claimed calls: | 26,340 (439,000 x .03 x 2) |
| National Claimed Calls: | 1,260 (42,000 x .03) |
| Total claimed calls: | 27,600 (26,340 + 1,260) |
| Amount per call: | $116.39 ($3,212,500/27,600) |

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 11
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Assuming a 5% claims rate and two calls per Washington Class member, each class member will receive $69.84 per call.

```
WA Claimed calls:        43,900 (439,000 x .05 x 2)
National Claimed Calls:  2,100 (42,000 x .05)
Total claimed calls:     46,000 (43,900 + 2,100)
Amount per call:         $69.84 ($3,212,500/46,000)
```

Assuming a 6% claims rate and two calls per Washington Class member, each class member will receive $58.20 per call.

```
WA Claimed calls:        52,680 (439,000 x .06 x 2)
National Claimed Calls:  2,520 (42,000 x .06)
Total claimed calls:     55,200 (52,680 + 2,520)
Amount per call:         $58.20 ($3,212,500/55,200)
```

In its Preliminary Approval Order, the Court noted that it had determined an 8.5% claims rate to be reasonable in *McClintic v. Lithia Motors, Inc.*, Case No. C11-859RAJ, Dkt. #31 at 11. However, in *Lithia*, after notice was sent and claims received the actual claims rate was 4.7%. *See id.*, Dkt. No. 46 ¶¶ 6, 11 (indicating notice sent to 74,980 unique individuals and 3,535 claims were filed). Even if this case generates an 8.5% claims rate, the per-call amount available under the settlement is $41.08, which favorably compares to settlements approved by judges in similar cases. *See Cubbage*, No. 2-09-00911-BHS (approving settlement providing $40.00 or an in-store coupon of $80.00 per call); *Tween Brands*, No. 09-00491 RSL (approving settlement providing $20.00 or an in-store coupon of $45.00 per call); *Kwan v. Clearwire*, No. C09-1392 JLR (W.D. Wash. May 7, 2013) (approving TCPA settlement providing class members with $25 per call).

```
WA Claimed calls:        74,630 (439,000 x .085 x 2)
National Claimed Calls:  3,570 (42,000 x .085)
Total claimed calls:     78,200 (74,630 + 3,570)
Amount per call:         $41.08 ($3,212,500/78,200)
```

### C. Plaintiff Has Revised the Class Notice to Address the Court's Concerns

Finally, Plaintiff has revised the notices to inform class members that they may review and object to Plaintiff's counsel's fee request. See Supp. Terrell Decl., Exs. 5.

For these reasons, Plaintiff respectfully requests that the Court approve the settlement.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 12
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  RESPECTFULLY SUBMITTED AND DATED this 28th day of March, 2014.

2

3                     TERRELL MARSHALL DAUDT & WILLIE PLLC

4               By:  /s/ Beth E. Terrell, WSBA #26759
                  Beth E. Terrell, WSBA #26759

5                   Email:  bterrell@tmdwlaw.com
                  936 North 34th Street, Suite 300

6                   Seattle, Washington 98103-8869
                  Telephone: (206) 816-6603

7                   Facsimile: (206) 350-3528

8

9                   Rob Williamson, WSBA #11387
                  Email:  roblin@williamslaw.com

10                  WILLIAMSON & WILLIAMS
                  936 North 34th Street, Suite 300

11                  Seattle, Washington 98103-8869
                 Telephone:  (206) 466-6230

12                  Facsimile:  (206) 535-7899

13            *Attorney for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL - 13
CASE NO. 2:10-CV-00774-RAJ

# CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on March 28, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> K. Michael Fandel, WSBA #16281
> Email: mfandel@grahamdunn.com
> David C. Lundsgaard, WSBA #25448
> Email: dlundsgaard@grahamdunn.com
> Aimee K. Decker, WSBA #41797
> Email: adecker@grahamdunn.com
> GRAHAM & DUNN PC
> 2801 Alaskan Way, Suite 300
> Seattle, Washington 98121
> Telephone: (206) 624-8300
>
> Anne M. Lockner, *Admitted Pro Hac Vice*
> Email: amlockner@rkmc.com
> Michael D. Reif, *Admitted Pro Hac Vice*
> Email: mdreif@rkmc.com
> Denise Rahne, *Admitted Pro Hac Vice*
> Email: dsrahne@rkmc.com
> David Leichtman, *Admitted Pro Hac Vice*
> Email: dleichtman@rkmc.com
> ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
> 2800 LaSalle Plaza, 800 LaSalle Avenue
> Minneapolis, Minnesota 55402
> Telephone: (612) 349-8500
>
> *Attorneys for Defendant*

DATED this 28th day of March, 2014.

> TERRELL MARSHALL DAUDT & WILLIE PLLC
>
> By: /s/ Beth E. Terrell, WSBA #26759
> Beth E. Terrell, WSBA #26759
> Email: bterrell@tmdwlaw.com
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103-8869
> Telephone: (206) 816-6603
>
> *Attorneys for Plaintiff*

CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com