HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL CHESBRO,

        Plaintiff,

    v.

BEST BUY STORES, L.P.,

        Defendant.

CASE NO. C10-774RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Plaintiff Michael Chesbro's second unopposed motion for preliminary approval of proposed class action settlement.  Dkt. # 92.  No party has requested oral argument, and the court finds oral argument unnecessary. For the reasons stated below, the court GRANTS the motion for preliminary approval of class action settlement.

## II.  BACKGROUND

Best Buy Stores, L.P. ("Best Buy"), a national retailer of consumer electronics and related products, has a customer loyalty program called the Reward Zone Program.  As part of the Reward Zone enrollment process, customers provide Best Buy with their contact information.  Mr. Chesbro alleges that when consumers financed their purchases through an installment plan, they were signed up for the Reward Zone, and that Best Buy then used the contact information provided to contact customers through direct mail, e-mail or telephone.

ORDER – 1

Mr. Chesbro alleges that beginning in the fall of 2007, Best Buy, through its calling vendor, began calling members to remind them to use their Reward Zone certificates before they expired. In the summer and fall of 2009, Best Buy introduced a "Go Digital" program to shift the issuance of Reward Zone certificates to online issuance through e-mail. Implementation of the Go Digital program involved notifying consumers of the new procedures, which Best Buy did by placing automated calls to customers. The certificate reminder and Go Digital programs lasted through November 2011.

On April 5, 2010, Mr. Chesbro filed a class action complaint in King County Superior Court, which was removed to this court. Mr. Chesbro alleges that Best Buy violated the Washington Automatic Dialing and Announcing Statute ("ADAD Statute"), RCW 80.36.400, the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, and the federal Do-Not-Call regulations, 47 C.F.R. § 64.1200 *et seq.* The Do-Not-Call regulations are regulations promulgated under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b),[1] and an action brought for violation of the regulations may recover actual monetary loss or receive up to $500 in damages for each violation, whichever is greater, 47 U.S.C. § 227(b)(3)(B).

On September 16, 2011, the court granted summary judgment to defendant. Dkt. # 61. On December 27, 2012, the Ninth Circuit reversed and remanded the court's order on summary judgment. Dkt. # 70. Beginning on April 3, 2013, the court granted the parties' stipulated motions to stay to provide sufficient time for the parties to mediate and negotiate a settlement. Dkt. ## 77, 79, 81. On December 6, 2013, plaintiff filed his first motion for preliminary approval. Dkt. # 87. In the order denying preliminary approval, the court expressed several concerns: (1) the court lacked sufficient information to

---

[1] The TCPA prohibits the use of "automatic telephone dialing system" to make a call to a cellular phone without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii).

ORDER – 2

determine whether the factual and legal questions arising from Best Buy's classwide practices of autodialing customers predominate over individual issues; and (2) the court lacked sufficient information to determine whether the settlement was fair, reasonable, and adequate. Dkt. # 91 at 5-7. With respect to the latter, plaintiff (1) had not indicated how much each class member could gain by going to trial, (2) had not explained how he reached the $50 to $100 per call estimate, (3) had not provided evidence documenting the estimated administrative costs associated with settlement, and (4) had not addressed the normal range of participation in class action settlements. *Id.* The court also noted that the class notice currently did not provide a mechanism or instruction on how a class member could review the motion for attorney's fees. *Id.* at 7 n.4.

### III. ANALYSIS

**A.     Motion for Preliminary Approval of Class Settlement**

The parties' agreement to settle this matter is not itself a sufficient basis for approving the settlement. The settlement would require the court to certify a class and dispose of the claims of its members. The court has an independent obligation to protect class members. *Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992). Even for a class certified solely for purposes of settlement, the court must ensure that the class and its proposed representatives meet the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In addition, the court must ensure that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

Mr. Chesbro proposes that the court certify a national class and Washington class defined as follows:

> National Class. All United States residents except for those with Washington State area codes who, between October 8, 2007 and November 30, 2011, received a telephone call from or on behalf of Best Buy regarding Best Buy's Rewards Zone go digital policy, after they had asked Best Buy not to be called; and

ORDER – 3

<u>Washington Class</u>.  All persons who had Washington State area codes and who, between October 8, 2007 and November 30, 2011, received a telephone call from or on behalf of Best Buy regarding Best Buy's Rewards Zone certificate reminders or go digital policy that had been placed using an automated dialer and an artificial or pre-recorded voice.

Dkt. # 89 at 15 (Ex. 1 to Terrell Decl., Settlement Agr. ¶ II.7).

For the reasons stated herein, the court preliminarily approves the parties' settlement agreement.  This order concludes with a timeline for notifying class members of the settlement and of class counsel's forthcoming motion for attorney's fees in preparation for a September 19, 2014 final approval hearing.

### 1. The Four Prerequisites of Rule 23(a):  Numerosity, Commonality, Adequacy, and Typicality

The class Mr. Chesbro hopes to certify satisfies the numerosity and commonality requirements of Rule 23(a).  There are about 439,000 members of the Washington class and 42,000 members of the national class, and there is no question that joinder of that many individual plaintiffs would be impracticable.  Fed. R. Civ. P. 23(a)(1).  Best Buy allegedly called every class member with an artificial or prerecorded voice after such individuals had asked that they not be called.   From these common practices spring numerous common questions of fact and law, including whether the calls made constituted "solicitations" under the relevant statutes.  Fed. R. Civ. P. 23(a)(2).

While the numerosity and commonality requirements focus on the class, the typicality and adequacy requirements focus on the class representative.  The representative must have "claims or defenses . . . [that] are typical of the claims or defenses of the class," and must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4).

Mr. Chesbro's claims are also typical of class members' claims where he, like every other class member, allegedly received the automated calls without his consent.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (representative's

ORDER – 4

claims are typical "if they are reasonably coextensive with those of absent class members; they need not be substantially identical.").

Questions of a class representative's adequacy dovetail with questions of his counsel's adequacy. Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class."). The court has no difficulty concluding that counsel has provided and will likely continue to provide adequate representation for the proposed class.

### 2.    The Requirements of Rule 23(b)(3)

Rule 23(b)(3) demands that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). When considering a settlement class, the court need not worry about whether the action could be manageably presented at trial. *Amchem Prods.*, *Inc.* v. *Windsor*, 521 U.S. 591, 620 (1997). The predominance requirement focuses on the relationship between the common and individual issues, and tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 964 (9th Cir. 2013).

Plaintiff has demonstrated that the predominance requirement is satisfied here (1) where Best Buy's "unsolicited" defense can be applied and decided on a class-wide basis to the Washington Class, and (2) where Best Buy's defense that the "go digital" calls were "informational" or "transactional," not solicitations, can be applied and decided on a class-wide basis for the National Class.

The superiority of class action is also clear. This suit is based on a narrow set of practices that led to automated telephone calls that targeted a combined 481,000 individuals.

ORDER – 5

3.      Is the Settlement Fair, Reasonable, and Adequate?

With respect to the amount class members could potentially recover, theoretically, national class members could recover $1,500 in statutory damages for each violation of the TCPA, and Washington class members could potentially recover $1,500 per violation of the WADAD.  47 U.S.C. § 227(b)(3)(B).  Like the TCPA, the ADAD Statute permits actual damages or up to $500 in statutory damages.  RCW § 80.36.400(3).  However, plaintiff faces substantial risk that there will not be a finding that Best Buy's conduct was "willful" under the TCPA (*id.* § 227(b)(3)(C)), and that the Washington Class would not receive treble damages under the CPA where plaintiff does not allege actual damages. *See* RCW 19.86.090 ("the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained."); *Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.*, Case No. C13-1347JCC, Dkt. # 31 at 6 ("The weakness of Plaintiff's argument and the court's difficulty in imagining what actual damages could have arisen from one phone call lead the Court to conclude that amendment would be futile.  Plaintiff's claims for treble damages under the CPA are therefore dismissed with prejudice.").

Plaintiff has provided sufficient evidence estimating the administrative costs at $195,000, and demonstrating that the net fund available to class members of $3,212,500 is fair, reasonable and adequate.  Mr. Chesbro estimates that each settlement class member will receive $50 to $100 per call based on the assumption that 3% and 6% of the class members would file claims and that each Washington Class member would claim two calls.  Plaintiff based this rate estimate on research regarding similar rates in recent TCPA actions in this District.  Dkt. # 92 at 16; *see Baron v. Direct Capitol Corp.*, Case No. C09-669JLR, Dkt. # 36 ¶ 2 & 44 ¶12 (4.08% rate; received 268 responses of 31,041 individuals notified); *Cubbage v. The Talbots, Inc.*, Case No C09-911BHS, Dkt. # 110 ¶¶ 4, 10 (4.8% rate; received 942 responses of 19,654 individuals notified); *Global Educ. Servs., Inc. v. Intuit, Inc.*, Case No. C09-944RSL, Dkt. # 91 ¶¶ 5-6 (0.4% rate; received

ORDER – 6

349 responses of 84,149 individuals notified); *Hovila v. Tween Brands, Inc.*, Case No. C09-491RSL, Dkt. # 132 ¶¶ 5, 11 (3.7% rate; received 2,770 responses of 75,138 individuals notified); *McClintic v. Lithia Motors, Inc.*, Case No. C11-859RAJ, Dkt. # 46 ¶ 7 & Dkt. # 50 at 3 (4.2% rate; received 3,116 approved claims of 74,980 individuals notified).

With respect to the requested $1.3 million in attorney's fees and the $5,000 incentive award to Mr. Chesbro, the court has already found that it is favorably inclined on preliminary basis to find these amounts reasonable. Dkt. # 91 at 7. The court incorporates by reference the court's reasoning in its February 26, 2014 order in finding these amounts, on a preliminary basis, reasonable. *Id.* at 7-8.

The form of notice that class counsel provides, which it proposes to e-mail and/or mail to all class members, is reasonable. Fed. R. Civ. P. 23(c)(2)(B) (requiring "best notice that is practicable under the circumstances, including all members who can be identified through reasonable effort"). Additionally, plaintiff has addressed the court's concern regarding the ability of class members to review the attorney's fees motion.

For all the foregoing reasons, the court GRANTS preliminary approval of the parties' settlement of this class action.

## IV.  PRELIMINARY APPROVAL

This section sets forth formal findings and conclusions supporting the court's preliminary approval of this class settlement. The court has largely adopted this section from the parties' proposed order. To the extent anything in this section conflicts with another section of this order, the language of the other section will control.

1.     The Court, for purposes of this Order, adopts the definitions set forth in the Settlement Agreement submitted in support of this motion.

2.     The Court finds that the Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of

ORDER – 7

reasonableness for preliminary settlement approval. The Court finds that: (a) the Settlement Agreement resulted from extensive arm's length negotiations; and (b) the Settlement Agreement is sufficient to warrant notice of the Settlement Agreement to persons in the Classes and a full hearing on the approval of the Settlement Agreement.

3.    Except as otherwise agreed to by the parties, all proceedings in this action shall be stayed pending the occurrence of the Effective Date or termination of the Settlement Agreement, except as to proceedings relating to the Settlement Agreement, including Plaintiff's Counsel's request for attorneys' fees and costs, Plaintiff Chesbro's request for an incentive award, and Plaintiff's request for final approval of the Settlement Agreement.

4.    Pursuant to the Settlement Agreement and for purposes of this settlement only, the Court certifies the following Classes pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3):

> Washington Class. All persons who had Washington State area codes and who, between October 8, 2007 and November 30, 2011, received a telephone call from or on behalf of Best Buy regarding Best Buy's Rewards Zone certificate reminders or go digital policy that had been placed using an automated dialer and an artificial or pre-recorded voice; and

> National Class. All United States residents except for those with Washington State area codes who, between October 8, 2007 and November 30, 2011, received a telephone call from or on behalf of Best Buy regarding Best Buy's Rewards Zone go digital policy, after they had asked Best Buy not to be called.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

a.    The Classes appear to be so numerous that joinder of all members is impracticable;

b.    There appear to be questions of law or fact common to the Classes for purposes of determining whether this settlement should be approved;

ORDER – 8

c.      Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

d.      Plaintiff appears to be capable of fairly and adequately protecting the interests of the Classes in connection with the proposed settlement;

e.      For purposes of determining whether the Settlement Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Class Members.  Accordingly, the Classes appear to be sufficiently cohesive to warrant settlement by representation; and

f.      For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

5.      This certification is effective and binding only with respect to proceedings related to or encompassed by the Settlement Agreement.  If the Settlement Agreement is not approved or is terminated for any reason, this certification shall be vacated by its terms and the Action shall revert to the status with respect to class certification that existed before execution of the Settlement Agreement.  In such event, Defendant's stipulation to these Classes in conjunction with the Settlement Agreement shall not be construed as or raise any presumption or inference of a concession or an admission as to the propriety of certification of these Classes or any others.

6.      The parties will establish a Settlement Website no later than May 19, 2014, (www.BestBuyAutoCallSettlement.com) which will provide information about the settlement, including the complete Settlement Agreement, the postcard notice mailed to Class members, a long form of notice, in the form attached to the Settlement Agreement as Exhibit E, and Plaintiff's Motion for Approval of an Award of Attorneys' Fees and Costs and an Incentive Award to the Named Plaintiff.   The home page of the Settlement Website will contain an overview of the Settlement Agreement in the form attached to the

ORDER – 9

Settlement Agreement as Exhibit D ("Website Notice").  Counsel shall notify the Court promptly when the Settlement Website is available so that the Court may review it and order changes if necessary.

7.    The Court approves the Claim and Exclusion Form (Exhibit A to the Settlement Agreement) and the four forms of Notice of the settlement of the class action ("Class Notice"), substantially in the form of Exhibits B, C, D, and E to the Settlement Agreement, as amended to reflect that class counsel's fee petition request will be available to review on the website (Dkt. # 93 at 33-44).

8.    Notice shall be provided to the Settlement Class by causing the Class Notice either to be e-mailed (Exhibit B) or mailed (Exhibit C) to all Class Members.  In addition, a detailed long form of Class Notice (Exhibit E) will be available on the Settlement Website for Class Members to download.  The Website Notice will display an overview of the Settlement Agreement, the options that Class members have for participating in the settlement, and a schedule of key deadlines and events (Exhibit D).

9.    The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Classes of the pendency of this Action and their right to object to or exclude themselves from the Settlement Classes.  The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.  The Court hereby approves the Notices in substantially the same form as those attached as Exhibits B, C, D, and E to the Settlement Agreement, as amended to reflect that class counsel's fee petition request will be available to review on the website (Dkt. # 93 at 33-44).

10.    Subject to the terms and conditions set forth in the Settlement Agreement, Washington Class members who make a timely, valid claim will be paid approximately

ORDER – 10

$50-$100 for each telephone call they actually received, up to three calls, and National Class members will be paid approximately $50-$100 for the one call they received. The amount to be paid for each Claimed Call will be calculated by first deducting from the Fund ($4,550,000) the Settlement Costs, which include (1) costs of giving notice and administering claims, (2) payment of a class representative fee up to $5,000, and (3) payment of attorney fees and costs which will not exceed 25 percent of the Fund, and then dividing the remaining amount of the Fund by the total number of calls allowed. If the Court awards less than the amount requested for the payment to the class representative or attorney fees and costs, the remaining funds will be added to the amount that will be paid to Settlement Class Members. No portion of the Fund will revert to Best Buy.

11.      Members of the Settlement Classes may make claims by sending a completed Claim or Exclusion Form (Exhibit A to the Settlement Agreement) to the Claims Administrator no later than August 22, 2014, seventy-five (75) days after the Notices described above are initially emailed or mailed. Settlement Class Members also may submit a claim electronically from the Settlement Website. The date of a claim shall be the post-marked date of the request or the date the form was electronically submitted.

12.      Members of the Settlement Classes will be paid by check in accordance with the Settlement Agreement. The value of any checks sent to Settlement Class Members that have not been negotiated (cashed) within 120 days of the date on the check will be redistributed to Settlement Class Members who cashed their checks on a pro rata basis so long as the amount to be redistributed exceeds $3.00 per Settlement Class Member. If any funds remain after this second distribution or if the total value of checks that have not been negotiated after the first distribution do not exceed $3.00, the funds attributable to uncashed checks of Washington Class members will be donated to the Legal Foundation of Washington and the funds attributable to uncashed checks of

ORDER – 11

National Class members will be donated to the Better Business Bureau National Advertising Division.

13. Members of the Settlement Classes may also request exclusion from the settlement by sending a completed Claim or Exclusion Form (Exhibit A to the Settlement Agreement) to the Claims Administrator no later than August 22, 2014, seventy five (75) days after the Notices described above are mailed. Settlement Class Members also may request exclusion electronically from the Settlement Website. The date of a request for exclusion shall be the post-marked date of the request or the date the request was electronically submitted.

14. All persons who submit valid requests for exclusion shall have no rights under the Settlement Agreement. All Class Members who do not request exclusion shall be bound by this Court's orders, including but not limited to the Final Order and Judgment.

15. Any member of the Settlement Classes who objects to approval of the Settlement Agreement or to Class Counsel's request for attorney fees has a right to appear at the Final Approval Hearing to explain why the Court should not approve the settlement or should not grant (or fully grant) the fee request. Any member of the Settlement Classes who has not requested exclusion and who wishes to object to the Settlement Agreement must mail to the Claims Administrator a written notice of objection no later than August 22, 2014, seventy-five (75) days after the Notices are initially mailed.

16. The notice of objection should demonstrate the objecting Class Member's membership in one of the Classes and state the reasons for the objection. Only Settlement Class Members who have filed and served such notices of objection will be entitled to be heard at the Final Approval Hearing, unless the Court orders otherwise. The notice of objection shall also state whether the objector intends to attend the Final

ORDER – 12

Approval Hearing in person.  Any objectors attending the hearing may be subject to cross examination at the hearing.

17.     The Parties shall file any responses to objections no later than September 2, 2014, ten (10) days after the objections are sent to the Claims Administrator.

18.     A Final Approval Hearing will be held on September 19, 2014, at 9:00 a.m. at the Federal Courthouse for the Western District of Washington, 700 Stewart Street, Seattle WA  98101, at which time the Court will determine, among other matters, whether the Settlement Agreement is fair, reasonable, and adequate.

19.     The Court, upon consideration of: (i) the work counsel has done in identified and investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; (iv) the resources counsel will commit to representing the Settlement Classes; (v) and other matters pertinent to counsel's ability to fairly and adequately represent the interest of the Settlement Classes, appoints the law firms of Williamson and Williams and Terrell Marshall Daudt & Willie PLLC to represent the Settlement Classes.  The Court also appoints Michael Chesbro as Class Representative.

20.     In order for Settlement Class Members to review and, if they choose, object to the award of attorney fees which Class Counsel will request, the Petition for Approval of Fees must be filed and posted to the Settlement Website at the same time as Notices are initially mailed.

21.     The Court finds that the simultaneous or future prosecution of this action or other actions based upon the practices at issue in this action, whether in federal or state court, will jeopardize this Court's jurisdiction and its ability to rule on the Settlement, will substantially increase the cost of litigation, create a risk of conflicting results, and could prevent class members from benefiting from any settlement already negotiated.

ORDER – 13

Thus any such actions pose a significant threat of irreparable harm to the parties hereto and to the Court's jurisdiction. Therefore, finding it necessary in aid of preserving the Court's jurisdiction and to protect and effectuate this Court's rulings and judgments, this Court orders that all proceedings in the Action will be stayed following entry of this Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them, and no person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

22.    Neither this Order, nor the Settlement Agreement, nor any of the terms or provisions thereto, nor any of the negotiations or proceedings connected with them, shall be referred to, offered as evidence, or received in evidence in any pending or future, civil, criminal, or administrative action or proceeding, except in a proceeding to enforce the Settlement Agreement.

23.    Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective.  This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

ORDER – 14

Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

24.     Upon motion of the parties, the Court may, for good cause, extend any of the deadlines set forth in the Order without further notice to the Settlement Classes.

25.     The parties also shall file a motion in support of the Court granting final approval of the settlement at the same time the Notices are mailed, as well as a motion for attorney's fees and costs.  Not later than September 2, 2014, the parties may submit supplemental materials that bear on final approval.

## V.  TIMELINE

| | |
|---|---|
| May 19, 2014 | Deadline by which Settlement Website must be available to the public, and deadline for Class Administrator to serve CAFA Notice pursuant to 28 U.S.C. § 1715(b). |
| June 9, 2014 | Date by which parties must (1) complete the initial mailing and emailing of short-form notice and claim or exclusion forms to Class members, (2) make the Settlement Website available on-line, (3) file Class Counsel's motion for attorney's fees and make it available on the Settlement Website, and (4) file the motion for final approval. |
| August 22, 2014 | Deadline for Class members to submit claims, exclude themselves from the Settlement Classes, or file objections. |
| September 2, 2014 | Deadline for parties to submit responses to any objections. |
| September 19, 2014: | Final approval hearing, 9:00am |

ORDER – 15

1     DATED this 7th day of May, 2014.

2

3

4     _____

5     The Honorable Richard A. Jones
      United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    ORDER – 16