HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

9  MICHAEL CHESBRO, an individual,

10              Plaintiff,                    NO. 2:10-cv-00774-RAJ

11      v.                                   **PLAINTIFF'S MOTION FOR
                                             FINAL APPROVAL OF CLASS
12  BEST BUY STORES, L.P.,                   ACTION SETTLEMENT**

13              Defendant.                   **Noted for Consideration:  09/19/2014
                                             Time:  9:00 a.m.
14                                           Courtroom:  Suite 13106**

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF CONTENTS

**Page No.**

I.  INTRODUCTION.....................................................................................................1

II.  ARGUMENT AND AUTHORITY .......................................................................1

A.  The Settlement Satisfies the Criteria for Final Approval ......................1

1.  The Strength of Plaintiff's Case .................................................2

2.  The Risk, Expense, Complexity, and Likely Duration of Further Litigation.......................................................................3

3.  The Risk of Maintaining Class Action Status ...........................4

4.  The Amount Offered in Settlement ...........................................5

5.  The Extent of Discovery Completed and the Stage of the Proceedings................................................................................7

6.  The Experience and Views of Counsel .....................................8

7.  The Presence of a Governmental Participant ...........................8

8.  The Reaction of Settlement Class Members .............................9

B.  The Settlement Is the Result of Informed, Arm's Length Negotiations................9

C.  The Court-Ordered Notice Program Is Constitutionally Sound and Will Be Fully Implemented ...................................................................10

III.  CONCLUSION .......................................................................................................11

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Abdullah v. U.S. Sec. Assoc., Inc.*,
731 F.3d 952 (9th Cir. 2013) ........................................................................................4

*Baron v. Direct Capital Corp.*,
No. C09-669 JLR, Dkt. No. 36 (W.D. Wash. Aug. 13, 2010) ........................................6

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610 (N.D. Cal. 1979) ..............................................................................10

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ........................................................................................2

*Cubbage v. The Talbots, Inc.*,
No. C09-0091 BHS, Dkt. No. 110 (W.D. Wash. Oct. 22, 2012) ....................................6

*Fulford v. Logitech, Inc.*,
No. C-08-2041-MMC, 2010 U.S. Dist. LEXIS 29042
(N.D. Cal. Mar. 5, 2010) ..............................................................................................3

*Garner v. State Farm Auto Ins. Co.*,
No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. April 22, 2010) ...............8

*Gene And Gene LLC v. BioPay LLC*,
541 F.3d 318 (5th Cir. 2008) ........................................................................................4

*Global Educ. Servs., Inc. v. Intuit, Inc.*,
No. C09-944 RSL, Dkt. No. 91 (W.D. Wash. 2012) ......................................................6

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1988) ......................................................................................1

*Hovila v. Tween Brands, Inc.*,
No. C09-0491 RSL, 2010 WL 143347 (W.D. Wash. April 7, 2010) ..............................2

*Hovila v. Tween Brands, Inc.*,
No. C09-0491 RSL (W.D. Wash. Apr. 25, 2012) ..........................................................6

*Hughes v. Microsoft Corp.*,
No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001)...........9

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - ii
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

*In re Omnivision Tech., Inc.*,
        559 F. Supp. 2d 1036 (N.D. Cal. 2007)........................................................................10

2

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
        227 F.R.D. 553 (W.D. Wash. 2004) ................................................................................9

3

4

*Lane v. Facebook*,
        696 F.3d 811 (9th Cir. 2012) ...........................................................................................7

5

6

*Laguna v. Coverall N. Am.*,
        --- F.3d ---, 2014 WL 2465049 (9th Cir. June 3, 2014) .............................................1, 2, 9

7

*Meyer v. Portfolio Recovery Associates*,
        707 F.3d 1036 (9th Cir. 2012) ..........................................................................................4

8

9

*McClintic v. Lithia Motors, Inc.*,
        No. C11-0859 RAJ, Dkt. No. 50 (W.D. Wash. Oct. 23, 2012) ........................................6

10

11

*Officers for Justice v. Civil Serv. Comm'n*,
        688 F.2d 615 (9th Cir. 1982) .............................................................................................3

12

13

*Pelletz v. Weyerhaeuser Co.*,
        255 F.R.D. 537 (W.D. Wash. 2009) ..............................................................................8, 10

14

15

*Torrisi v. Tucson Elec. Power Co.*,
        8 F.3d 1370 (9th Cir. 1993) ..............................................................................................2

16

17

**FEDERAL STATUTES**

18

47 U.S.C. § 227(a)(4) ..................................................................................................................2

19

20

**FEDERAL RULES**

21

47 C.F.R. § 64.1200(f)(1) ...........................................................................................................2

22

23

**STATE STATUTES**

24

RCW 80.36.400 ...........................................................................................................................2

25

26

**OTHER AUTHORITIES**

27

*Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61 (2010) ........................................1

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - iii
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# I.  INTRODUCTION

Plaintiff Michael Chesbro respectfully submits this memorandum in support of his motion for final approval of the class action settlement he has reached with Defendant Best Buy Stores, L.P. ("Best Buy").   For the reasons set forth in this memorandum and in the papers previously submitted in support of approval, the settlement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.  Accordingly, Plaintiff requests that the Court grant final approval to the settlement by: (1) approving the Settlement Agreement as fair, adequate, and reasonable for the Settlement Class; and (2) determining that adequate notice was provided to the Settlement Class.

# II.  ARGUMENT AND AUTHORITY

When considering a motion for final approval of a class action settlement under Rule 23, a court must determine whether the settlement is "fundamentally fair."  *Laguna v. Coverall N. Am.*, --- F.3d ---, 2014 WL 2465049, at *2 (9th Cir. June 3, 2014) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988)).  A settlement merits final approval, when "the interests of the class as a whole are better served by the settlement than by further litigation."  *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61, at 480 (2010). Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure that it is "fair adequate, and free from collusion."  *Hanlon*, 150 F.3d at 1026.

## A.      The Settlement Satisfies the Criteria for Final Approval

In deciding whether to grant final approval to a class action settlement, courts consider several factors, including:

> (1) the strength of the Plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government

1  participant; and (8) the reaction of the class members to the proposed settlement.

2  *Laguna*, 2014 WL 2465049 at *3 (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566,

3  575 (9th Cir. 2004); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).

4  Applied to this case, the relevant criteria support final approval of the settlement.

5         1.    The Strength of Plaintiff's Case

6         Although Plaintiff has thoroughly investigated the factual and legal bases for his claims

7  and has developed substantial evidence supporting his allegations, one cannot ignore the

8  presence of significant risks in continuing the litigation had settlement not occurred.  For

9  example, Plaintiff's claims for violation of the Washington Automatic Dialing and Announcing

10  Device statute (the "WADAD") and the federal Telephone Consumer Protection Act ("TCPA")

11  turn on whether the calls that Best Buy made to Plaintiff and Class members were

12  "informational" or "transactional" rather than "solicitations."  Plaintiff alleges that every

13  certificate reminder and go digital call made to Washington residents violated the WADAD,

14  which "flatly prohibits the use of ADADs in commercial solicitation."  *Hovila v. Tween*

15  *Brands, Inc.*, C09-0491 RSL, 2010 WL 143347, at *12 (W.D. Wash. April 7, 2010)

16  (referencing RCW 80.36.400, which provides that "[n]o person may use an automatic dialing

17  and announcing device for purposes of commercial solicitation").  Likewise, Plaintiff alleges

18  that every certificate reminder and go digital call violated the TCPA because they were placed

19  for the purpose of encouraging a person to purchase property, goods, or services.  47 U.S.C.

20  § 227(a)(4); 47 C.F.R. § 64.1200(f)(1).  Best Buy, however, maintains that the calls it placed

21  were strictly informative because they conveyed details regarding the changing nature of the

22  Reward Zone program and thus did not encourage customers to purchase goods or services.

23  Although Plaintiff is confident his interpretation of the WADAD is correct, his claims and

24  those of the Class could be rejected.

25         Plaintiff also faces the risk that the Court will determine that Plaintiff and the

26  Washington Class cannot recover because they "consented" to receive certificate reminder calls

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 2
CASE NO. 2:10-CV-00774-RAJ

1   when they signed up for the Reward Zone program.  Plaintiff maintains that the WADAD does

2   not contain a consent defense, but Best Buy disagrees and has argued vigorously that the

3   WADAD prohibits only "unsolicited" autodialed calls.  According to Best Buy, because

4   Plaintiff and Washington Class members allegedly provided their phone numbers when they

5   signed up for the Reward Zone program, the calls Best Buy placed to them were not

6   "unsolicited" and thus did not violate the WADAD.  Best Buy's defense means that Plaintiff

7   risks a defense verdict should he proceed to trial.

8         Under the settlement, Settlement Class members avoid all of those risks and obstacles to

9   recovery and receive substantial benefits, and in timely fashion.

10           2.     The Risk, Expense, Complexity, and Likely Duration of Further Litigation

11         Another factor in assessing the fairness of the proposed settlement is the complexity,

12   expense, and likely duration of this lawsuit had settlement not been achieved.  *Officers for*

13   *Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  Throughout the negotiation

14   process, Best Buy vigorously defended its position and expressed every intention of continuing

15   a spirited defense, absent a settlement, through trial and appeal.  Class Counsel have a

16   significant amount of experience in consumer class action litigation and know from their own

17   experience that any case involving a class of consumers can, and often does, lead to costly

18   litigation that goes on for years.

19         Moreover, there is a substantial risk of losing inherent in any jury trial.  Even if Plaintiff

20   prevailed at trial, Best Buy would almost certainly appeal, threatening a reversal of any

21   favorable outcome and causing significant delays in obtaining any relief for Settlement Class

22   members.  *See Fulford v. Logitech, Inc.*, No. C-08-2041-MMC, 2010 U.S. Dist. LEXIS 29042,

23   at *8 (N.D. Cal. Mar. 5, 2010) ("[L]iability and damages issues—and the outcome of any

24   appeals that would likely follow if the Class were successful at trial—present substantial risks

25   and delays for Class member recovery.").

26

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

3.      The Risk of Maintaining Class Action Status

This Court has held that for purposes of settlement this case satisfies the requirements of Fed. R. Civ. P. 23, including the rule's predominance requirement.  *See* Preliminary Approval Order (Dkt. 95) at 5 (finding predominance satisfied "(1) where Best Buy's 'unsolicited' defense can be applied and decided on a class-wide basis to the Washington Class and (2) where Best Buy's defense that the 'go digital' calls were 'informational' or 'transactional,' not solicitations, can be applied and decided on a class-wide basis for the National Class").  The Court's ruling finds ample support in both the facts and the law.  Best Buy maintains that none of the calls it made to Washington Class members were unsolicited because Washington Class members provided their contact information to Best Buy.  Best Buy maintains that the purpose of all of its "go digital" calls was to provide information and not to solicit business.  Thus, the legal issues that arise from this conduct can be adjudicated on a class wide basis.  *See Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d 952, 964 (9th Cir. 2013) (finding predominance satisfied where the proposed class is "sufficiently cohesive to warrant adjudication by representation").

Although Plaintiff is confident certification can be maintained through trial, Best Buy disagrees.  According to Best Buy, some Washington Class members requested to receive calls in a variety of ways, including by emailing and calling Best Buy customer service representatives.  Best Buy maintains that this evidence means Plaintiff would be required to demonstrate affirmatively on an individual basis that Washington Class Members did not make such requests.  If the Court were to accept Best Buy's interpretation of "prior express consent" and if discovery confirms Best Buy's assertions, identifying which Washington Class members consented and in what manner could be difficult.  Courts are divided as to whether such consent issues predominate over common questions in TCPA cases, depending on the circumstances of the case.  *Compare Meyer v. Portfolio Recovery Associates*, 707 F.3d 1036, 1042 (9th Cir. 2012) (upholding class certification) *with Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 328 (5th Cir. 2008) (reversing class certification).

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 4
CASE NO. 2:10-CV-00774-RAJ

1    As for the National Class, Best Buy has suggested that identifying the consumers who

2    opted out of receiving "go digital" calls would be difficult and create manageability problems.

3    If Best Buy were able to present convincing facts to support these positions, there is a risk that

4    the Court would find the action unmanageable, leaving Plaintiff to pursue his individual claims.

5        4.    The Amount Offered in Settlement

6    The settlement requires Best Buy to pay $4,550,000 into a non-reversionary common

7    Settlement Fund out of which claimants will receive their pro rata share.  After deducting the

8    requested Court-awarded fees, litigation expenses, settlement administration costs, and the

9    class representative incentive award, the net proceeds to the Settlement Class are estimated to

10   be $3,212,500.

11   The funds distributed to the Settlement Class will be allocated in a manner that is fair

12   and reasonable.  According to data received from Best Buy, the Washington Class consists of

13   439,000 class members and the National Class consists of 42,000 class members.  During

14   discovery, Best Buy indicated that it placed multiple "certificate reminder" calls to Class

15   members, but placed only one "go digital" call to Class members.  Based on this information,

16   the settlement provides that each Washington Class member may claim up to three calls (up to

17   two certificate reminder calls and one go digital call).  Because Best Buy placed only one "go

18   digital" call to each National Class member and no certificate reminder calls, National Class

19   members may claim only one call.

20   Plaintiff estimates that class members will receive $50 to $100 per call.  Plaintiff

21   reached this estimate by first subtracting the estimated settlement costs from the gross

22   settlement fund to determine the estimated "Net Settlement Fund."

23
        Gross Settlement Fund:                  $4,550,000
24      Administration Costs:                    $195,000
        Requested Incentive Award:               $5,000
25      Requested Attorneys' Fees and Expenses:  $1,137,500
        Net Settlement Fund:                     $3,212,500
26

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

To estimate the amount that a class member would receive from the settlement "per call" received, Plaintiff assumed that between 3% and 6% of the class members would file claims and that each Washington Class member would claim she or he received two calls. Plaintiff bases his 3-6% claims rate estimate on research regarding similar claims rates in recent TCPA actions settled in the Western District.  *See Baron v. Direct Capital Corp*., No. C09-669 JLR, Dkt. No. 36, 44 (W.D. Wash. Aug. 13, 2010) (4.09% claims rate); *Cubbage v. The Talbots, Inc*., No. C09-0091 BHS, Dkt. No. 110 (W.D. Wash. Oct. 22, 2012) (4.9% claims rate); *Global Educ. Servs., Inc. v. Intuit, Inc*., No. C09-944 RSL, Dkt. No. 91 (W.D. Wash. 2012) (.5% claims rate); *Hovila v. Tween Brands, Inc*., No. C09-00491 RSL (W.D. Wash. Apr. 25, 2012) (3.68% claims rate); *McClintic v. Lithia Motors, Inc*., No. C11-0859 RAJ, Dkt. No. 50 (W.D. Wash. Oct. 23, 2012) (4.16% claims rate).  Plaintiff bases his estimate that each Washington Class member will claim two calls on the assumption that each Washington Class member will claim to have received one certificate reminder and one go digital call.

Assuming a 3% claims rate and two calls per Washington Class member, Plaintiff estimates each class member will receive $116.39 per call:

| | |
|---|---|
| WA Claimed calls: | 26,340 (439,000 x .03 x 2) |
| National Claimed Calls: | 1,260 (42,000 x .03) |
| Total claimed calls: | 27,600 (26,340 + 1,260) |
| Amount per call: | $116.39 ($3,212,500/27,600) |

Assuming a 5% claims rate and two calls per Washington Class member, each class member will receive $69.84 per call.

| | |
|---|---|
| WA Claimed calls: | 43,900 (439,000 x .05 x 2) |
| National Claimed Calls: | 2,100 (42,000 x .05) |
| Total claimed calls: | 46,000 (43,900 + 2,100) |
| Amount per call: | $69.84 ($3,212,500/46,000) |

Assuming a 6% claims rate and two calls per Washington Class member, each class member will receive $58.20 per call.

| | |
|---|---|
| WA Claimed calls: | 52,680 (439,000 x .06 x 2) |
| National Claimed Calls: | 2,520 (42,000 x .06) |
| Total claimed calls: | 55,200 (52,680 + 2,520) |
| Amount per call: | $58.20 ($3,212,500/55,200) |

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    The settlement is non-reversionary.  Any funds from checks that remain uncashed after

2    150 days will be re-distributed to Settlement Class Members who cashed their checks so long

3    as the pro rata amount that Settlement Class Members will receive from the second distribution

4    exceeds $3.00.  Any remaining residual after the second distribution, if it is made, will be

5    donated *cy pres* to the Legal Foundation of Washington and Better Business Bureau National

6    Advertising Division.  The work of these organizations benefits people who, like Settlement

7    Class members, may require legal assistance regarding unfair and deceptive telemarketing

8    practices, and their work therefore serves "the objectives of the underlying statutes, and the

9    interests of the silent class members …."  *Lane v. Facebook*, 696 F.3d 811, 819-20 (9th Cir.

10   2012) (internal quotation marks omitted).

11   In exchange for these benefits, Settlement Class Members agree to release Best Buy

12   from claims asserted in the lawsuit.  The Settlement Agreement's release is narrowly-tailored

13   and fundamentally fair.  Settlement Class Members do not agree to release Best Buy from

14   liability for claims not alleged in the lawsuit, including state law claims (other than

15   Washington) or claims relating to calls placed to cell phones outside of Washington State.

16            5.    The Extent of Discovery Completed and the Stage of the Proceedings

17   Final approval is favored because substantial investigation and discovery were

18   completed prior to the settlement.  Courts consider the extent of discovery completed and the

19   stage of the proceedings in determining whether a class action settlement is fair, adequate and

20   reasonable.  Before filing this action in April 2010, Plaintiff's counsel carefully investigated the

21   factual bases of client's claims against Best Buy, researching related legal issues, and preparing

22   the complaint.  Dkt. No. 89 (Terrell Decl.) ¶ 3.  After the complaint was filed, Plaintiff's

23   counsel conducted substantial discovery, requesting and receiving thousands of pages of

24   documents from Defendant, including scripts and policies.  They also received several different

25   electronic databases.  *Id.*  In addition, Best Buy deposed Mr. Chesbro.  *Id.*

26   Plaintiff's investigation continued after the first mediation in May 2013.  Dkt. No. 89

27   (Terrell Decl.) ¶ 4.  Plaintiff conducted a Fed. R. Civ. P. 30(b)(6) deposition and interviewed

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 7
CASE NO. 2:10-cv-00774-RAJ

1  Best Buy's calling vendor.  *Id.*  Best Buy also continued to produce data and information

2  confirming the size and nature of the Classes.  *Id.*  At the time of settlement, the parties had

3  briefed Best Buy's motion for judgment on the pleadings both in this Court and in the Ninth

4  Circuit, had received a ruling from the Ninth Circuit, and had commenced class certification

5  discovery. Thus, Plaintiff was thoroughly familiar with the legal issues involved in this

6  litigation.

7       The settlement is the result of a thorough investigation, formal and informal discovery,

8  and an evaluation of Plaintiff's legal claims.  This factor favors approval.

9       6.      The Experience and Views of Counsel

10       Where class counsel is qualified and well informed, their opinion that a settlement is

11  fair, reasonable, and adequate is entitled to significant weight.  *See Pelletz v. Weyerhaeuser*

12  *Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009).  Here, Class Counsel believes the settlement is

13  fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole.  *See* Dkt.

14  No. 89 (Terrell Decl.) ¶ 9; Dkt. No. 90 (Williamson/Williams Decl.) ¶ 14.

15       7.      The Presence of a Governmental Participant

16       No governmental entity is a party to this action.  However, in compliance with the

17  notice provision of CAFA 28 U.S.C. § 1715, notice of the settlement has been provided to the

18  United States Attorney General in all fifty states, the District of Columbia, American Samoa,

19  Guam, N. Mariana Islands, Puerto Rico, Palau, and the Virgin Islands.  *See* Declaration of

20  Jennifer Keough ("Keough Final Approval Decl.") ¶¶ 5–6, Ex. A.

21       "Although CAFA does not create an affirmative duty for either state or federal officials

22  to take any action in response to class action settlement, CAFA presumes that, once put on

23  notice, either state or federal officials will raise any concerns that they may have during the

24  normal course of the class action settlement procedures."  *Garner v. State Farm Auto Ins. Co.*,

25  No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010).  To date, not

26  one governmental entity has objected.

27

8.      The Reaction of Settlement Class Members

A positive response to a settlement by the class—as evidenced by a small percentage of opt-outs and objections—further supports final approval. *See Pelletz*, 255 F.R.D. at 543. The deadline to opt out or object to the settlement is August 22, 2014. Thus, Plaintiff will fully analyze this factor when he files his response papers regarding any objections to the settlement, if any, which are due on September 2, 2014. If there are no objections, Class Counsel will, of course, advise the Court.

**B.      The Settlement Is the Result of Informed, Arm's-Length Negotiations**

To reach the settlement, Plaintiff and Best Buy engaged in extensive negotiations, including two mediation sessions with the Honorable William J. Cahill, an experienced mediator and former Superior Court Judge for San Francisco County. Although the parties did not reach agreement after the first session, they made progress. Dkt. No. 89 (Terrell Decl.) ¶ 2. They agreed to continue with informal discovery and investigation and to participate in a second mediation session with Judge Cahill on September 25, 2013, which resulted in a mediator's proposal that both parties accepted. *Id.* After the mediation, the parties continued to negotiate the specific terms of the Settlement Agreement, which was executed on December 6, 2013. *Id.*

The settlement exhibits none of the "warning" signs that indicate possible collusion. *See Laguna*, 2014 WL 2465049 at *4 (citing *Bluetooth*, 654 F.3d at 946–47). Counsel have not requested a "disproportionate distribution of the settlement," but rather seek in attorneys' fees the Ninth Circuit benchmark of 25% of the total settlement amount. Settlement approval does not depend upon approval of Class Counsel's fees and the settlement is non-reversionary. The Settlement Agreement is the result of intensive, arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues of this case. Dkt. No. 89 (Terrell Decl.) ¶¶ 2, 3. Plaintiff's counsel are particularly experienced in the litigation, certification, and settlement of TCPA and WADAD cases similar to this case. *Id.* ¶ 8; Dkt. No. 90 (Williamson/Williams Decl.) ¶¶ 2–3. In negotiating the Settlement

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 9
CASE NO. 2:10-cv-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    Agreement, counsel also had the benefit of years of experience litigating class actions and a

2    familiarity with the facts of this case.  *Id.*  Such negotiations are prima-facie evidence of a

3    settlement that is fair and reasonable.  *See Hughes v. Microsoft Corp.*, No. C98-1646C, C93-

4    0178C, 2001 WL 34089697, *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is

5    said to attach to a class settlement reached in arms-length negotiations between experienced

6    capable counsel after meaningful discovery."); *see also Pelletz*, 255 F.R.D. at 542–43

7    (approving settlement "reached after good faith, arms-length negotiations"); *In re*

8    *Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004)

9    (approving settlement "entered into in good faith, following arms-length and non-collusive

10   negotiations"); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007)

11   (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)) ("The

12   recommendations of plaintiffs' counsel should be given a presumption of reasonableness.").

13   **C.      The Court-Ordered Notice Program Is Constitutionally Sound and Will Be Fully
              Implemented**

14

15              This Court has already determined that the proposed notice program in this case meets

16   the requirements of due process and applicable law, provides the best notice practicable under

     the circumstances, and constitutes due and sufficient notice to all individuals entitled thereto.

17   Dkt. No. 95 ¶ 9.  The Settlement Administrator Garden City Group, Inc. ("GCG") has received

18   potential Settlement Class member names, mailing addresses, emails, and telephone numbers

19   and has commenced implementation of the Notice Plan.  *See* Keough Final Approval Decl.

20   ¶¶ 9–11.  The settlement website is currently live and key documents, including the Settlement

21   Agreement and the Court's Preliminary Approval Order, have been uploaded.  *Id.* ¶ 7.  GCG

22   expects to email and mail notice to Settlement Class Members on June 9, 2013.  *Id.* ¶ 10.  On

23   June 9, 2014, GCG also will upload the Class Notices, a copy of this motion, and Class

24   Counsel's fee petition.  *Id.* ¶ 7.

25              After the Notice Plan has been fully implemented and before the final approval hearing,

26   Class Counsel will supplement this submission with information (1) confirming that the

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 10
CASE NO. 2:10-cv-00774-RAJ

1    Settlement Administrator has fully implemented the Notice Plan, (2) describing the number of

2    exclusions and objections to the settlement, and (3) providing the total number of claims

3    submitted.

4                                    **III.  CONCLUSION**

5          For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter an

6    Order granting final approval of the settlement.

7          RESPECTFULLY SUBMITTED AND DATED this 9th day of June, 2014.

8                                    TERRELL MARSHALL DAUDT & WILLIE PLLC

9                                    By:  /s/ Beth E. Terrell, WSBA #26759_____
                                          Beth E. Terrell, WSBA #26759
10                                        Email:  bterrell@tmdwlaw.com
                                          936 North 34th Street, Suite 300
11                                        Seattle, Washington 98103-8869
                                          Telephone: (206) 816-6603
12                                        Facsimile: (206) 350-3528

13

14                                        Rob Williamson, WSBA #11387
                                          Email:  roblin@williamslaw.com
15                                        WILLIAMSON & WILLIAMS
                                          936 North 34th Street, Suite 300
16                                        Seattle, Washington 98103-8869
                                          Telephone:  (206) 466-6230
17                                        Facsimile:  (206) 535-7899

18                                        *Attorney for Plaintiff*

19

20

21

22

23

24

25

26

27

<u>CERTIFICATE OF SERVICE</u>

1

2     I, Beth E. Terrell, hereby certify that on June 9, 2014, I electronically filed the

3     foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4     such filing to the following:

5
      K. Michael Fandel, WSBA #16281
6     Email: mfandel@grahamdunn.com
      David C. Lundsgaard, WSBA #25448
7     Email: dlundsgaard@grahamdunn.com
      Aimee K. Decker, WSBA #41797
8     Email:  adecker@grahamdunn.com
      GRAHAM & DUNN PC
9     2801 Alaskan Way, Suite 300
10    Seattle, Washington 98121
      Telephone: (206) 624-8300
11    Facsimile: (206) 340-9599

12
      Anne M. Lockner, *Admitted Pro Hac Vice*
13    Email: amlockner@rkmc.com
      Michael D. Reif, *Admitted Pro Hac Vice*
14    Email: mdreif@rkmc.com
      Denise Rahne, *Admitted Pro Hac Vice*
15    Email:  dsrahne@rkmc.com
      David Leichtman, *Admitted Pro Hac Vice*
16    Email:  dleichtman@rkmc.com
      ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
17    2800 LaSalle Plaza, 800 LaSalle Avenue
18    Minneapolis, Minnesota 55402
      Telephone: (612) 349-8500
19    Facsimile: (612) 339-4181

20
      *Attorneys for Defendant*
21
      DATED this 9th day of June, 2014.
22
                              TERRELL MARSHALL DAUDT & WILLIE PLLC
23
                              By:  /s/ Beth E. Terrell, WSBA #26759
24                                Beth E. Terrell, WSBA #26759
                                  Email: bterrell@tmdwlaw.com
25                                936 North 34th Street, Suite 300
                                  Seattle, Washington 98103-8869
26                                Telephone: (206) 816-6603

27                            *Attorneys for Plaintiff*