HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MICHAEL CHESBRO, an individual,

    Plaintiff,

v.

BEST BUY STORES, L.P.,

    Defendant.

NO. 2:10-cv-00774-RAJ

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

THIS MATTER has previously been considered by this Court, which granted Plaintiff's Motion for Preliminary Approval of the Settlement on May 7, 2014 (Dkt. No. 95). Plaintiff's Motion for Final Approval of the Settlement Agreement (Dkt. No. 97), Plaintiff's Motion for An Award of Attorneys' Fees, Costs and An Incentive Award for Named Plaintiff (Dkt. No. 99), and Plaintiff's Supplemental Motion for Final Approval (Dkt. No. 103) are now before this Court, the parties having appeared before this Court for the Final Approval Hearing on September 19, 2014.

The Court having considered the arguments of the parties, the papers submitted in support thereof, and all other matters properly before the Court, hereby ORDERS that:

1.     This Court adopts the definitions set forth in the Settlement Agreement unless otherwise defined below.

2.     The Classes are defined as:

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL - 1
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

> <u>Washington Class</u>. All Washington State residents who, between October 8, 2007 and November 30, 2011, received a telephone call from or on behalf of Best Buy regarding Best Buy's "Certificate Reminder" or "Go Digital" campaigns that had been placed using an automated dialer and an artificial or pre-recorded voice.
>
> <u>National Class</u>. All United States residents except for those residing in Washington state who, between October 8, 2007 and November 30, 2011, received a telephone call from or on behalf of Best Buy regarding Best Buy's "Go Digital" campaign, after they had requested not to be called.

3.   Settlement Class Members means all persons who fall within the definition of the Classes and who have not timely and properly requested exclusion. A list of those persons who timely and properly requested exclusion from the Classes is appended to this Final Order and Judgment as <u>Exhibit 1</u>.

4.   This Court has jurisdiction over the subject matter of this Lawsuit and over all parties to the Settlement Agreement, including all Settlement Class Members.

5.   The Notice to the Class given pursuant to the Court's Preliminary Approval Order constituted the best notice practicable under the circumstances to all members of the Classes, and fully complied with Fed. R. Civ. P. 23(e)(1). This Court hereby finds and concludes that the notice provided to the appropriate state and federal officials by the Claims Administrator, pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

6.   No Settlement Class Member objected to the Settlement.

7.   The Settlement set forth in the Settlement Agreement, which is incorporated herein by reference, is now hereby approved as fair, reasonable, and adequate to all parties and Settlement Class Members, pursuant to Fed. R. Civ. P. 23(e).

8.   Plaintiff and all Settlement Class Members (1) are bound by this Order, and as of the Effective Date as defined in the Settlement Agreement (2) are forever barred from instituting, maintaining, or prosecuting, and hereby release and forever discharge, to the fullest extent permissible by law, any claim, cause of action, or damage that they asserted, may have

[PROPOSED] FINAL JUDGMENT AND ORDER OF
DISMISSAL - 2
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

asserted, or could have asserted against the Released Parties arising out of, or in any way related to this Lawsuit or the receipt of or transmission of "Certificate Reminder" or "Go Digital" telephone calls to any Settlement Class Member by or on behalf of any Released Party during the Class Period.  The "Released Parties" are Best Buy Stores, L.P. and its respective parents, subsidiaries, affiliates, members, partners, related entities, predecessor or successor companies and any entity which shares common ownership or control, in whole or in part, with any of the foregoing, along with the present or former directors, officers, owners, managers, employees, representatives, assigns, vendors, and agents of any of them, whether in their individual or official capacities (specifically including, but not limited to, their attorneys, investigators, and representatives).

9. Neither the Settlement Agreement, nor any of its terms or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate or carry it out, shall be construed as or raise any presumption or inference of a concession or admission, or a waiver of any right, claim, or defense of any party to it or any Settlement Class Member, except insofar as such rights, claims, or defenses are expressly released or discharged by this Order.

10. Neither the Settlement Agreement, nor any of its terms or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate it or carry it out shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in any proceeding to enforce the terms of the Settlement Agreement.

11. This Court reserves jurisdiction over the parties to the Settlement, including all Settlement Class Members, for purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement.

12. This Court approves and directs payments as follows:

    a. Distribution of $3,212,500 to eligible Settlement Class Members as set forth in the Settlement Agreement, Section III.F-G;

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL - 3
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

        b.        An incentive award of $5,000 to the name Plaintiff, Michael Chesbro; and

        c.        $1,137,500 to Class Counsel for their attorneys' fees and out-of-pocket costs.  This Court finds these amounts are justified when considered as a percentage of the common fund Class Counsel created, particularly in light of the results obtained for Settlement Class Members.  This Court finds that the total cost of giving notice and claims administration, $195,000, are reasonable and properly paid to the Claims Administrator.  This Court directs the parties to ensure that the Claims Administrator distributes funds in accordance with this Order and the Settlement Agreement.  Once the funds have been fully distributed, Class Counsel shall file a final report with this Court.

13.    This Court's award of attorney fees and costs to Class Counsel and its award of an incentive award to Plaintiff are not liabilities of Defendant except as provided in the Settlement Agreement.

14.    To the extent that there is any inconsistency between the terms of this Order and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

15.    This Action is hereby DISMISSED ON THE MERITS AND WITH PREJUDICE.

16.    This Court directs the Clerk to immediately enter this Final Order and Judgment.

IT IS SO ORDERED.

DATED this 19th day of September, 2014.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL - 4
CASE NO. 2:10-CV-00774-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com